Van Voorhis, J.
The decision of this appeal depends, not on whether appellant may have been guilty of speeding or reckless driving in the operation of his automobile, but on whether he and the driver of another vehicle were “ drag racing ” in violation of section 1182 of the Vehicle and Traffic Law in force on that date (July 28, 1962). That section provides: “No races or contests for speed shall be held and no person shall engage in or aid or abet in any motor vehicle speed contest or exhibition of speed on a highway without the permission of the authorities of the state, city, town or village having jurisdiction and unless the same is fully and efficiently patrolled for the entire distance over which such race or contest for speed is to be held.”
The term “drag race” is explained in Webster’s Third International Dictionary (p. 684) as “an acceleration contest between automobiles” with special reference to “hot rods”. The author of the book, “ Hot Rod It ”,* states: “ On closed airstrips, rodders also began competing in acceleration or drag *34 races for the fastest time over a quarter mile from a standing point. Back of dragging is the same competitive spirit that makes you want to beat the other cars from a stop light. Drag racing, though, like all hot rod competition, is done on a runway, a special course, or a roadway under careful supervision to insure safety and fair treatment to all competitors.”
Although the term “ drag race ” has not been defined specifically by the Legislature, its import may be discerned from the language used in the particular statute which appellant stands convicted of having violated, which says that ‘‘ no races or contests for speed shall be held * * * on a highway without the permission of the authorities ”.
The information hy which this criminal prosecution was instituted charges appellant with “ drag racing”. This, as just indicated, refers to holding races or contests for speed upon highways. ‘ ‘ Drag racing ’ ’ may be inspired by the same competitive spirit that makes some drivers want to beat other cars from a stop light, but it requires something more than this. Violation of this statute means that, at least by implication, some race course must have been planned by the competitors along a street. It is not enough that an automobile operated by defendant and one by his codefendant left an intersection abreast when the traffic light changed to green and, thereafter, travelled abreast at about 55 miles an hour, each car jockeying for position. If this is what these defendants did, they were clearly guilty of speeding, perhaps of reckless driving, and it may be that they were guilty of other misdemeanors or traffic infractions as well. From that circumstance it does not follow, however, that they were “ drag racing ” on the public street. Not every competitive encounter between two automobiles accelerated from a street intersection upon a change in the traffic signal constitutes a “ drag race ”, even though they may jockey for position by passing and repassing each other. It is not indicated that this is a commendable manner of driving or that these defendants were not guilty of other crimes or offenses. We hold merely that the evidence before us is not sufficient to convict appellant beyond a reasonable doubt of ‘ ‘ drag racing ’ ’ in violation of section 1182 of the Vehicle and Traffic Law.
*35 Judges Fuld, Scileppi and Bergan concur with Judge Van Voorhis; Chief Judge Desmond and Judges Dye and Burke dissent and vote to affirm.
Judgment reversed and information dismissed.

 Fred Horsley.