■ Jon E. Scharlack, by His Mother and Natural Guardian, Helen Scharlack, Plaintiff, v Richmond Memorial Hospital, Defendant; Leroy Schwartz et al., Respondents, and Lawrence Viola et al., Appellants. — In a medical malpractice action, defendants Viola and Weinstein appeal from an order of the Supreme Court, Richmond County (Rubin, J.), dated November 21, 1983, which denied their motion for summary judgment dismissing the complaint as against them and cross claims against them. ¶ Order reversed, on the law, with one bill of costs payable by respondents and defendant Richmond Memorial Hospital, appearing separately and filing separate briefs, motion granted, and complaint as against appellants and cross claims against them dismissed. ¶ Though possessed of sufficient knowledge to form a proper response to appellants' motion for summary judgment to at least suggest what medical malpractice appellants may have been guilty of, the codefendant physicians (respondents) failed to offer any indicia of medical proof in this regard. Respondents relied instead upon CPLR 3212 (subd [f]) and asserted a need for pretrial discovery from the appellants in order to properly respond to their motion. The plaintiff, by his mother and guardian ad litem, has conceded in open court that the appellants, who were his mother's obstetricians, were not guilty of any malpractice which resulted in his brain damage, and would, instead, lay blame for damages which were incurred after his normal and healthy birth upon the pediatricians and the hospital staff which treated him immediately after his birth. Absent competent medical proof of how this otherwise normal child could have been rendered brain damaged as a result of prenatal care or a condition, we cannot say that a question of fact in this regard has been raised or that respondents have established a need for pretrial discovery from the appellants before this motion should be granted. Clearly, the respondents have failed to lay bare any proof available to them which would show that true questions of fact are presented herein regarding appellants' liability or that there was any significant probability that pretrial examination of the appellants would have disclosed any proof to establish that such questions of fact exist. Accordingly, we see no bar to granting appellants' motion at this juncture. Based upon plaintiff's concessions in open court and the absence of sufficient opposition to the appellants' motion by respondents, the complaint as against appellants and the cross claims against appellants are dismissed. Bracken, J. P., O'Connor, Niehoff and Boyers, JJ., concur.