■ HANNELORE SHEA et al., Respondents, v BRADLEY D. KELLY, Defendant, and JOHN MOSCATELLO et al., Appellants.— In a negligence action to recover damages for personal injuries, etc., the defendants John Moscatello and John P. Moscatello appeal from so much of a judgment of the Supreme Court, Dutchess County (Benson, J.), dated November 20, 1984, as, upon a jury verdict on the issue of liability finding them 50% at fault in the happening of the accident and, upon a jury verdict on the issue of damages, is in favor of the plaintiff Hannelore Shea and against them in the principal amount of $500,000 and in favor of the plaintiff Dennis Shea and against them in the principal amount of $50,000.

Judgment reversed insofar as appealed from, on the law, with costs, and complaint dismissed as against the defendants John Moscatello and John P. Moscatello.

The issue presented here is whether there was legally sufficient evidence adduced at the trial to support a finding that at the time of the accident the defendant John Moscatello was engaged in a race with the defendant Bradley D. Kelly, the driver of the vehicle which struck the vehicle driven by the plaintiff Dennis Shea. Clearly, since no independent negligent act on the part of John Moscatello was ever established, liability may be imposed upon him and the defendant John P. Moscatello, the owner of the vehicle driven by John Moscatello, only if it is shown that John Moscatello was engaged in a concerted action with the defendant Kelly at the

time of the accident. " 'Concerted action liability rests upon the principle that "[a]ll those who, in pursuance of a common plan or design to commit a tortious act, actively take part in it, or further it by cooperation or request, or who lend aid or encouragement to the wrongdoer, or ratify and adopt his acts done for their benefit, are equally liable with him" ' * * * [P]articipation in the concerted activity is equivalent to participation in the accident resulting in the injury" *(Herman v Wesgate,* 94 AD2d 938, 939, quoting from *Bichler v Lilly & Co.,* 55 NY2d 571, 580-581, quoting from Prosser, Torts § 46, at 292 [4th ed]). The only evidence adduced at the trial indicated that John Moscatello was driving at an excessive rate of speed and that he had passed Kelly's car once. "Speeding and racing are not concomitant acts, and proof of speeding alone did not prove a race. The gist of racing is competition and the facts must support an inference of some agreement to race. Before the rule applies, there must be some direct evidence from which the jury may find a challenge coupled with a response in speed and relative position indicating acceptance of the challenge (cf. *People* v. *Grund,* 14 N Y 2d 32, recognizing the same duty by statute but establishing a higher standard of proof for criminal conviction)" *(Finn v Morgan,* 46 AD2d 299, 232). As the evidence only established that the two drivers were simultaneously operating their vehicles at high speeds, it cannot, without more, be found to support an inference of an intent to race.

Accordingly, the complaint as against the defendants John Moscatello and John P. Moscatello is dismissed. Niehoff, J. P., Rubin, Kunzeman and Spatt, JJ., concur.