Deborah M. MARSHALL, Individually and as Personal Representative of the Heirs and Estate of Frederick A. Marshall, Jr., Deceased, Plaintiff,

v.

The CELOTEX CORPORATION, Eagle-Picher Industries, Inc., Armstrong World Industries, Inc., Raymark Industries, Inc., Raymark Corporation, H.K. Porter Company, Inc., Southern Textile Corporation, GAF Corporation, Fibreboard Corporation, Keene Corporation, Keene Building Products Corporation, Pittsburg Corning Corporation, Forty-Eight Insulation, Inc. and Nicolet, Inc., Defendants.

Civ. A. No. 82–73643.

United States District Court, E.D. Michigan, S.D.

Feb. 17, 1987.

Robert E. Sweeney, Jr., Robert E. Sweeney, Sr., Cleveland, Ohio, Kenneth B. Williams, East Lansing, Mich., for plaintiff.

Ronald E. Wagner, Kitch, Saurbier, Drutchas, Wagner & Kenney, Detroit, Mich., for defendants.

## MEMORANDUM OPINION AND ORDER

FEIKENS, District Judge.

Deborah Marshall ("plaintiff"), Personal Representative of Frederick Marshall, Jr. ("Marshall"), claims that Marshall contracted mesothelioma and died because of exposure to products containing asbestos. Plaintiff concedes her inability to identify the particular products to which Marshall was exposed, but she argues that defendants' alleged concerted effort to suppress information about the risk of asbestos products obviates the need for identification.[1] Defendants move for summary judgment. On January 29, 1987, I heard argument and asked plaintiff to proffer evidence of both concerted activity and its relationship to Marshall's death.[2]

The motion presents a difficult causation issue. Defendants' logic is forceful: without an identification requirement,[3] each manufacturer of asbestos products be-

---

1. I rejected plaintiff's theories of enterprise liability, market share liability, and alternative liability in *Marshall v. Celotex*, 651 F.Supp. 389 (E.D.Mich.1987).

2. *Cousineau v. Ford Motor Co.*, 140 Mich.App. 19, 33, 363 N.W.2d 721 (1985) ("[P]laintiff is entitled to recover ... on a concert of action theory if she can prove that [defendants] acted tortiously pursuant to a common design and that such action proximately caused the injury.").

3. *Abel v. Eli Lilly & Co.*, 418 Mich. 311, 324, 343 N.W.2d 164 (1984) ("[T]he threshold requirement of any products liability action is identification of the injury-causing product and its manufacturer."), *cert. denied*, 469 U.S. 833, 105 S.Ct. 123, 83 L.Ed.2d 65 (1984).

comes an insurer for all manufacturers of the products. But the equity of plaintiff's position is compelling: if manufacturers co-operate to conceal product risk, and if the concealed risk subsequently causes injury, justice demands a remedy. The concert of action theory rests upon this equity to jus-tify joint and several liability against any manufacturer that substantially contrib-utes to an injury by coordinating activity with other manufacturers to conceal infor-mation. *See* Comment, *DES and a Pro-posed Theory of Enterprise Liability*, 46 Fordham L.Rev. 963, 972–973, 978–985 (1978).

I am unwilling to reject this theory on summary judgment.[4] A complete presenta-tion of plaintiff's case will illuminate the issue and provide an evidentiary record for appeal. Plaintiff's burden will be heavy. To survive a motion for directed verdict, she must establish both cause in fact, by demonstrating concerted activity, and prox-imate cause, by demonstrating that defend-ants' conduct "was so significant and im-portant a cause that [defendants] should be legally responsible." *Cousineau*, 140 Mich.App. at 35, 363 N.W.2d 721 (remand-ing for trial court ruling on proximate cause). *Cf.* Comment, *supra*, at 973 ("[T]he court must make a ... determina-tion of proximate cause: does the defend-ants' duty to protect the plaintiff extend to the particular result involved? As a mat-ter of policy, a court may refuse to hold defendant jointly liable where to do so would impose an extraordinary extension of the 'original obligation' owed by defend-ants to the plaintiff.") (footnotes omit-ted).[5]

---

4. I will reconsider defendants' argument on a motion for directed verdict at the close of plain-tiff's case.

5. Plaintiff cannot establish that the manufactur-er whose products allegedly caused Marshall's death participated in concerted efforts to sup-press information. Plaintiffs in Michigan's principal concert of action cases were able to demonstrate this. *See Abel*, 418 Mich. at 321, 331–339, 343 N.W.2d 164 (alleged concerted ac-tivity included either the manufacturer of the particular product responsible for injury or all

Accordingly, defendants' motion for sum-mary judgment is DENIED.

IT IS SO ORDERED.

known manufacturers of the generic product); *Walters v. Sargent*, 390 Mich. 775, 210 N.W.2d 315 (1973) (alleged concerted activity included the hunter who shot plaintiff). *Cf. Cousineau*, 140 Mich.App. at 25, 35, 363 N.W.2d 721 (re-manding without deciding whether alleged con-certed activity between the major manufactur-ers of a product, not necessarily including the manufacturer of the particular product alleg-edly causing death, permitted an inference of proximate cause).