FRANCENE RASTELLI, as Administratrix of the Estate of JOHN A. WUNDERLICH, Deceased, Respondent, v GOODYEAR TIRE & RUBBER COMPANY et al., Appellants, et al., Defendants.

Third Department, February 14, 1991

## APPEARANCES OF COUNSEL

*Gallagher & Gosseen (Alan D. Kaplan, James A. Gallagher and Edward M. O'Brien* of counsel), for Goodyear Tire & Rubber Company, appellant.

*Conway, Farrell, O'Conor, Curtin & Kelly, P. C. (Joseph H. Farrell* of counsel), for The Budd Company, appellant.

*Birbrower, Montalbano, Condon & Frank, P. C. (Susan Corcoran* of counsel), for respondent.

**OPINION OF THE COURT**

LEVINE, J.

Plaintiff's decedent was killed while inflating a tire on his employer's Chevrolet dump truck when the multipiece tire rim upon which the tire was mounted suddenly and explosively separated and a piece of it struck him in the head. The rim assembly consisted of two pieces, a side ring and a rim base. The side ring was marked, *inter alia,* "Firestone, 20 x 6.0, RH5". The rim base contained the imprint, "K-H". Plaintiff brought suit for decedent's pain and suffering and wrongful death, joining, among others, defendant Goodyear Tire & Rubber Company, the manufacturer of the tire, and defendants Firestone Tire & Rubber Company, Budd Company and Kelsey-Hayes Company. Multipiece rims, such as the one involved here, are used with truck tires, rather than the single-piece rims used with passenger vehicle tires. Goodyear, Firestone, Budd and Kelsey-Hayes are all manufacturers of multipiece rims.

The complaint sets forth eight causes of action based upon four theories of liability: (1) negligence, (2) strict products liability, (3) breach of warranty as to the tire rim and its component parts, and (4) concerted action by certain defendants, including Goodyear, Firestone, Budd and Kelsey-Hayes, as the manufacturers of substantially all multipiece tire rims in the United States, with respect to the design, manufacture and marketing "of a dangerous and defective product and the failure to warn of same". During the course of pretrial discovery, Goodyear and Budd moved for summary judgment based upon proof that neither one of them had manufactured any part of the rim that was involved in decedent's fatal accident. Supreme Court denied the motions with leave to renew after completion of discovery. The court noted that all defendants had denied manufacturing the rim or any of its components, and held that, under such circumstances, "it would be inappropriate to grant summary judgment at this time as all the relevant facts are within the exclusive knowledge of the movants". Goodyear and Budd appeal from the denial of their motions.

■ The order should be modified by granting partial summary judgment dismissing those causes of action against Goodyear and Budd that require establishment that those companies manufactured or sold the rim or any of its components. As already noted, Goodyear and Budd each submitted

evidence in admissible form that it could not have been the manufacturer (or seller) of any part of the particular rim causing decedent's death. Therefore, in order to avoid summary judgment dismissing those causes of action against Goodyear and Budd in which their status as a manufacturer or seller of the rim was a necessary element, the burden shifted to plaintiff to submit proof in admissible form linking them as a source of the rim or its components, or at least to set forth an acceptable excuse for failing to submit such proof *(see, Zuckerman v City of New York,* 49 NY2d 557, 562).

Concededly, plaintiff has no evidence that either Goodyear or Budd was the source of the rim or any of its components. Plaintiff's excuse is that such proof is exclusively within the knowledge of Goodyear and Budd and can only be ascertained through further discovery. Plaintiff, however, has possession of the pieces of the offending rim, with their identifying characteristics. She has submitted a response to interrogatories stating her belief that Firestone was the manufacturer of the side ring at issue and that Kelsey-Hayes was the maker of the rim. Despite having had the opportunity for more than a year after joinder of issue to obtain discovery from Goodyear and Budd on the relatively simple question of who made the rim, plaintiff's opposing papers on the motions do not demonstrate any significant possibility beyond speculation or surmise that further discovery will be successful in linking Goodyear and Budd to the manufacture or sale of the rim or its parts. Therefore, plaintiff's excuse for failing to contradict the proof of the moving parties was insufficient to forestall summary judgment *(see, Scharlack v Richmond Mem. Hosp.,* 103 AD2d 739, *affd* 63 NY2d 900; *Smith v Johnson Prods. Co.,* 95 AD2d 675, 676-677; *cf., Udoff v Zipf,* 44 NY2d 117, 122).

■ Plaintiff's failure to counter the proof submitted by Goodyear and Budd that they did not manufacture or market all or any part of the rim is only fatal to her fourth and fifth causes of action, based upon breach of warranty. The remaining causes of action against Goodyear and Budd may be sustained under plaintiff's concerted action theory of recovery. Joint liability for the tortious infliction of harm, whether intentional or not, against all persons acting in concert with the actual wrongdoer was recognized in this State at least as early as 1896 in *Hanrahan v Cochran* (12 App Div 91, 95) *(see also, De Carvalho v Brunner,* 223 NY 284, 287; *Prussak v Hutton,* 30 App Div 66, 67-68). The continued validity of imposing liability on the basis of concerted action was recog-

nized in *Bichler v Lilly & Co.* (55 NY2d 571, 580-581 [citing to Prosser, Torts § 46, at 292 (4th ed), and Restatement (Second) of Torts § 876]). Under the modern formulation of this theory of recovery, one may be liable for the tortious conduct of another person by, *inter alia,* engaging in a tortious act in concert or pursuant to a common design with the other person, or giving substantial assistance or encouragement to the other person with knowledge that the other's conduct constitutes a breach of duty *(see,* Restatement [Second] of Torts § 876 [a], [b]).

Plaintiff's submissions in opposition to the motions of Goodyear and Budd were sufficient to demonstrate that further discovery may disclose an express agreement or tacit understanding among Goodyear, Budd and the other major manufacturers of multipiece truck tire rims to prevent public awareness of the extreme propensity of *all such rims* to explode, and to block governmental action which would have required the manufacturers to recall those products. Among various possible bases of liability, plaintiff may well be able to establish that each of the manufacturers of the offending rims may have been under a postsale duty to warn *(see, Cover v Cohen,* 61 NY2d 261, 275-276). A collective decision on the part of the rim manufacturers to breach, and to aid and abet each other in breaching, that duty could similarly give rise to joint liability on a concerted action theory *(see,* Restatement [Second] of Torts § 876; *Cousineau v Ford Motor Co.,* 140 Mich App 19, 363 NW2d 721, *cert denied* 474 US 971; *see also, Marshall v Celotex Corp.,* 652 F Supp 1581, 1582; *Farmer v City of Newport,* 748 SW2d 162 [Ky]). Contrary to Goodyear's contention, we do not read the Court of Appeals' decision in *Hymowitz v Lilly & Co.* (73 NY2d 487, *cert denied* — US —, 110 S Ct 350), as a repudiation of concerted action liability in all products liability cases. Rather, *Hymowitz* held only that proof of parallel action by various manufacturers on the given product is not sufficient by itself to sustain an inference of action in concert *(see, supra,* at 508-509).

Plaintiff's negligence and strict products liability causes of action also set forth an alternative basis of Goodyear's liability not dependent on establishment that it was the manufacturer of the rim. Plaintiff alleges that the Goodyear tire decedent was inflating when the fatal accident occurred was made specifically and exclusively for installation on a multipiece rim, that all of such rims share a common defect in design in having a high proclivity of exploding upon inflation

of a tire mounted on them and that Goodyear was aware of the inherent dangerousness of using its tires in conjunction with such rims. These facts, in our view, could support recovery based upon Goodyear's failure to warn of the dangers of using its tires with multipiece rims. We are unpersuaded by Goodyear's argument that liability for failure to warn may not be imposed upon a manufacturer absent proof that its own product was dangerously defective. "It is not essential that there be a defect in the manufacture of the chattel before liability may be imposed where, as here, the manufacturer knew the purpose for which the chattel might be used and was aware of the dangers surrounding its use under at least one of the invited conditions. In such circumstances the manufacturer has a duty to bring to the knowledge of those who are to use the chattel such directions as would make it reasonably safe for the use for which it is declared suitable" *(Alfieri v Cabot Corp.,* 17 AD2d 455, 460, *affd* 13 NY2d 1027; *see, Grzesiak v General Elec. Co.,* 68 NY2d 937). Indeed, a properly manufactured and well-designed product may be deemed defective without an adequate warning of dangers inherent in its normal or reasonably foreseeable use which a user otherwise might not fully appreciate *(see,* 1A Frumer and Friedman, Products Liability § 3.03 [4] [f] [vi], at 3-648; *Casetta v United States Rubber Co.,* 260 Cal App 2d 792, 67 Cal Rptr 645; *see also, Richard v Firestone Tire & Rubber Co.,* 853 F2d 1258, 1261, *cert denied* 488 US 1042; *Leonard v Uniroyal, Inc.,* 765 F2d 560; *Trujillo v Uniroyal Corp.,* 608 F2d 815).

MAHONEY, P. J., CASEY, MERCURE and HARVEY, JJ., concur.

Order modified, on the law, without costs, by reversing so much thereof as denied the motions by defendants Goodyear Tire & Rubber Company and Budd Company for summary judgment regarding the fifth and sixth causes of action in the complaint; motions granted to that extent and those causes of action dismissed against said defendants; and, as so modified, affirmed.