■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS KILLANE, Appellant. [610 NYS2d 547] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Tisch, J.), rendered January 23, 1992, convicting him of criminally negligent homicide, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant, Dennis Killane, was tried by a jury while his codefendant, Vincent Senisi, Jr., was being tried by the court (see, *People v Senisi,* 196 AD2d 376). Killane was charged in the first count of Indictment No. 1982/89 with the crime of manslaughter in the second degree and he was convicted of criminally negligent homicide as a lesser-included offense with respect to this count.

As we noted in *People v Senisi (supra),* the first count of the indictment specified one particular species of recklessness; that is, this count specified that at the time of the victim's death Senisi and Killane had been engaged in an "illegal

speed contest". Under the circumstances presented, we regard this specification as a non-essential factual recital and thus, as we noted in *People v Senisi (supra)*, the People should have had no obligation to prove the existence of an "illegal speed contest", as that term is defined for the purposes of applying Vehicle and Traffic Law § 1182, in order to sustain a conviction under this count *(People v Grund,* 14 NY2d 32). However, the fact remains that the trial court, without exception, instructed the jury that a conviction under this count would be possible only if the members of the jury were to conclude that the prosecution had proved, beyond a reasonable doubt, that the codefendants had in fact been engaged in an "illegal speed contest" at the time of the fatal accident.

We are obligated to review the defendant's argument as to the sufficiency of the evidence in light of the law as it was laid down for the jury, without exception *(see, People v Malagon,* 50 NY2d 954; *People v Bell,* 48 NY2d 913; *People v Guardino,* 286 NY 132; *People v Bailey,* 159 AD2d 1009; *People v Saporita,* 132 AD2d 713; *People v Lipsky,* 103 AD2d 1033; *People v Nicoll,* 3 AD2d 64). We must therefore decide whether there was legally and factually sufficient proof of an "illegal speed contest", as that term was defined by the trial court.

We conclude, based on our examination of the record, that there was factually and legally sufficient evidence to support the jury's verdict in light of the definition of the term "illegal speed contest" employed by the trial court, irrespective of whether this definition conformed to that delineated in *People v Grund (supra).* The court had no obligation, in a prosecution for reckless manslaughter, to charge the jury with the definition of a "speed contest". Thus, it follows that there was no error in the court defining this term in a manner which arguably deviated from the definition set forth in *People v Grund (supra).* The defendant's guilt of criminally negligent homicide, as this crime was defined for the jury and as it exists in the Penal Law, was therefore established *(see, People v Abbott,* 84 AD2d 11).

The defendant also argues that he was deprived of his right to be present during the trial court's questioning of prospective jurors. The defendant's argument is premised on the related rules of law announced in *People v Antommarchi* (80 NY2d 247) and *People v Sloan* (79 NY2d 386). However, neither the *Sloan* rule nor the *Antommarchi* rule is retroactive *(see, People v Mitchell,* 80 NY2d 519; *People v Hannigan,* 193 AD2d 8; *People v Castagna,* 196 AD2d 879; *People v McLamb,* 196 AD2d 556; *People v Holmes,* 196 AD2d 555).

Accordingly, the defendant was not deprived of his right to be present at all material stages of the trial.

We have examined the defendant's remaining contention and find it to be without merit. Bracken, J. P., Sullivan, Copertino and Pizzuto, JJ., concur.