**UNITED STATES of America,
Appellee,**

v.

**Jose GONZALEZ, aka Julio Natal, aka Cuban, Jaime Antonio Larios, Rene Antonio Rivas, Israel Ortiz, Maria C. Arango, Julis M. Bedoya, Maria Elena Agudelo, Defendants,**

**William Quintero, Defendant–Appellant.**

**Docket Nos. 00–1543(L), 00–1550(Con).**

United States Court of Appeals,
Second Circuit.

Dec. 20, 2001.

Israel Arana, New York, NY, for Appellant.

Edgardo Ramos, Assistant United States Attorney; Susan Corkery, Assistant United States Attorney, on the brief, Alan Vinegrad, United States Attorney for the Eastern District of New York, New York, NY, for Appellee.

Present FEINBERG, OAKES, and POOLER, Circuit Judges.

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED.**

Defendant-appellant William Quintero appeals from the July 21, 2000 judgment of the United States District Court for the Eastern District of New York (Thomas C. Platt, *Judge* ), convicting him pursuant to a guilty plea of one count of conspiracy to distribute and to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846, and one count of making false material declarations to the grand jury, in violation of 18 U.S.C. § 1623(a). The district court sentenced Quintero to 180 months imprisonment for the conspiracy charge and 60 months im-

prisonment for the perjury charge to run concurrently.

Quintero was arrested in June of 1994 and charged in a thirteen count indictment, which was eventually replaced with a superseding fifteen count indictment. The indictments allege that Quintero participated in a large scale drug operation to distribute cocaine and then conduct financial transactions to conceal the proceeds. In October of 1994, Quintero met with the government in a proffer session and, pursuant to a proffer agreement, provided information about a massive cocaine importation and distribution organization and one of its leaders, Pastor Parafan Homen. Shortly thereafter, Quintero and the government entered into a cooperation agreement in which Quintero agreed to provide information and testimony about the drug organization to the government in exchange for pleading guilty to one count of conspiracy to possess with intent to distribute and distribution of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and a § 5K1.1 letter. It is undisputed that Quintero's information, assistance, and testimony provided the government with invaluable assistance and proved crucial in the investigation and conviction of numerous important figures in the drug organization.

Shortly before the scheduled start of the trial of Parafan Homen, Quintero voluntarily admitted to the government that some of the information he provided to the grand jury was untrue. Essentially, Quintero admitted that he gave incorrect information about how long he had known Parafan Homen and some of the dates on which he met him. The incorrect testimony served to minimize Quintero's involvement but did not exaggerate the culpability of others. Based on this false information, the government charged Quintero with perjury. As an amendment to the already existing cooperation agreement, Quintero agreed to plead guilty to the perjury charge, but the original cooperation agreement otherwise remained in effect. Ultimately, the court granted a significant downward departure and sentenced Quintero to 180 months for the conspiracy and 60 months concurrent for the perjury. Quintero raises four claims on appeal, through both a counseled and a *pro se* brief.

█ Quintero argues first that the government breached the cooperation agreement by charging him with perjury without a basis, failing to protect his family, failing to keep his cooperation confidential, and submitting an inadequate § 5K1.1 letter. Quintero maintains that he did not lie in his grand jury testimony; rather, he later "clarified" his testimony by correcting some non-material mistakes. Defendant pleaded guilty to the perjury charge, and the record demonstrates that the plea was voluntary, knowing, and intelligent within the requirements of Fed.R.Crim.P. 11. Thus, Quintero has waived a challenge to the plea. *See United States v. Calderon*, 243 F.3d 587, 590 (2d Cir.), *cert. denied*, —— U.S. ——, 121 S.Ct. 2616, 150 L.Ed.2d 770 (2001). Furthermore, the cooperation agreement explicitly states that the defendant may be prosecuted for perjury. As for confidentiality, nothing in the cooperation agreement states that the government must keep the defendant's cooperation confidential. Even assuming this was a requirement, Quintero has not established that the government disclosed his involvement outside of the agreed upon grand jury and trial testimony. While the cooperation agreement does state that defendant may make a request for placement in the Witness Security Program, it also states this request will be recommended only if the government believes it is appropriate and reasonable and that whether

admission to the program is granted depends on DOJ guidelines. Although Quintero did submit a letter of request, the record contains no information about the status of this request, and Quintero did not raise it before the court at sentencing. Finally, Quintero's allegation that the government breached the cooperation agreement by submitting an inadequate 5K1.1 letter is meritless. The government submitted a strong letter, characterizing Quintero's help as "crucial" and "central," and is not in any way ambivalent. Furthermore, contrary to Quintero's contention, the court did, in fact, grant a significant downward departure, reducing the sentence from the possible range of 262 to 327 months to a sentence of 180 months. Quintero's arguments that the government breached the cooperation agreement are meritless.

 Second, Quintero argues that the government violated his Sixth Amendment right to counsel. Specifically, Quintero alleges that Assistant United States Attorney Wasserman told him not to inform his attorney that he would be testifying in front of the Parafan Homen grand jury. Grand jury witnesses do not have a right to the presence of counsel. *See* Fed. R.Crim.P. 6(d)(1) (listing who may be present while a grand jury is in session); *In re Grand Jury Subpoena Served Upon Doe*, 781 F.2d 238, 244 (2d Cir.1986). Quintero withdrew this objection before sentencing, and we consider it waived. *See United States v. Ming He*, 94 F.3d 782, 794 (2d Cir.1996) ("[W]hen a defendant is sentenced-unless he specifically alleges that he was denied the assistance of counsel and asks for a hearing on this subject-the issue is waived."); *United States v. Cortes*, 922 F.2d 123, 127–28 (2d Cir.1990) (rejecting defendant's claim of a Sixth Amendment violation where he did not object prior to sentencing). Furthermore, the deprivation of counsel is not a defense to a prosecution for perjury. *See Wheel v. Robinson*, 34 F.3d 60, 67 (2d Cir.1994) ("[I]t is well settled that even constitutional deficiencies in the underlying proceeding do not prevent prosecution for perjury."); *United States v. Winter*, 348 F.2d 204, 208–10 (2d Cir.1965). Quintero's allegations suggesting ineffective assistance of counsel are also without merit. Quintero's counsel performed to the standards of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

 Next, Quintero argues that the court erred in its application of the Sentencing Guidelines. Quintero claims that the court did not consider his objections to the Presentence Report and the Guidelines calculation. Specifically, Quintero argues that the court erred in applying a three point upward departure for his role as a manager and in not considering Quintero's presentence memorandum. Both of these arguments are without merit. The fact that other individuals supervised Quintero does not negate his role as the manager of many others. Quintero has failed to demonstrate that the court abused its discretion in applying this adjustment. As to his other objections, the court stated that it had received and eventually did read the objections contained in Quintero's presentence memorandum. Regardless, Quintero withdrew these objections and motions and all his other objections prior to sentencing. He cannot now maintain that the court erred in failing to consider his withdrawn objections.

 Finally, Quintero raises a number of challenges to the indictment and the quantity of drugs. First, Quintero argues that the indictment does not allege a drug quantity and is therefore defective. Second, Quintero argues that the court erred in exposing him to a sentence of greater than twenty years. Finally, Quintero ar-

**26**

gues that since the indictment included and the court considered the identity of the controlled substance, which he states is not an element, the court constructively amended the indictment. These arguments are without merit. The indictment does not allege a quantity of drugs. However, under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), such a failure does not present reversible error as long as the sentence imposed is not in excess of twenty years. *See United States v. McLeod*, 251 F.3d 78, 82 (2d Cir.), *cert. denied*, — U.S. —, 122 S.Ct. 304, 151 L.Ed.2d 226 (2001). In addition, there was no constructive amendment of the indictment. We find all of Quintero's remaining arguments to be without merit.