**Angela BOGGS, Kimberly Hawkes, Shereece Holman, Staci Pollard, Rhonda Roenfeldt, Madilyn Wade, Plaintiffs,**

v.

**DIE FLIEDERMAUS, LLP., d/b/a Le Bar Bat, Jerry Shallo, Patrick Kelly, Larry Cerrone, Simon Azouley, Colin Walsh, Matt Tortoso, John Does 1–5, Defendants.**

**No. 99 CIV. 2451(RWS).**

United States District Court, S.D. New York.

April 3, 2003.

Mason & Breitenecker, New York City (Elizabeth A. Mason, of Counsel), for Plaintiffs.

Annmarie P. Venuti, Manhasset, NY, for Defendant Die Fliedermaus & Gerald Shallo.

Ropers, Majeski, Kohn & Bentler, New York City, for Defendant Colin Walsh.

Matthew Tortoso, New York City, Defendant Pro Se.

Patrick Kelly, Garden City, NY, Defendant Pro Se.

Larry Cerrone, New York City, Defendant Pro Se.

292

## OPINION

SWEET, District Judge.

Plaintiffs Angela Boggs, Kimberly Hawkes, Staci Pollard, and Rhonda Roenfeldt (collectively, the "Plaintiffs") have moved for partial summary judgment pursuant to Rule 56, Fed.R.Civ.P., against defendants *pro se* Patrick Kelly ("Kelly"), Colin Walsh ("Walsh"), and Matt Tortoso ("Tortoso") on Count Ten of the complaint alleging defamation and libel per se. The motion is denied as to Kelly and Walsh for the reasons set forth below.

### Prior Proceedings

This action was commenced on April 2, 1999 against Die Fliedermaus, LLP, d/b/a Le Bar Bat ("Le Bar Bat"), and followed the filing of a companion case by the Equal Employment Opportunity Commission ("EEOC") against Le Bar Bat and Lerry Cerrone ("Cerrone") on March 9, 1999 (the "EEOC action") (99 Civ. 1732). In addition, a criminal action was brought against Kelly alleging obstruction of justice and witness tampering. *United States v. Kelly*, 169 F.Supp.2d 171 (S.D.N.Y.2001) (the "criminal action").

The EEOC action is closed, a conviction was obtained in the criminal action, and discovery has proceeded in this action.

The instant motion was marked fully submitted on January 15, 2003.

### The Facts

The facts are set forth based upon the Local Rule 56.1 statements of the Plaintiffs and Walsh and the affidavit of Kelly.

Kelly has alleged in effect that he testified in this action by deposition, rather than invoking any Fifth Amendment privilege, in reliance on an oral promise by counsel to the Plaintiffs that he would not be prosecuted further civilly. Kelly has served his prison term arising out of the criminal action as well as a term of imprisonment for probation violation, arising out of the abuse of his wife.

Walsh has submitted an affidavit denying his knowledge of the episode of April 4, 1998 and of the content of the fliers.

### The Standard for Summary Judgment

Summary judgment is granted only if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); see generally 6 James Wm. Moore, et al., Moore's Federal Practice ¶ 56.15 (2d ed.1983). The court will not try issues of fact on a motion for summary judgment, but, rather, will determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The moving party has the burden of showing that there are no material facts in dispute, and the court must resolve all ambiguities and draw all reasonable inferences in favor of the party opposing the motion—in this instance, the Defendants. *Bickhardt v. Ratner*, 871 F.Supp. 613 (S.D.N.Y.1994) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). Thus, "[s]ummary judgment may be granted if, upon reviewing the evidence in the light most favorable to the non-movant, the court determines that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." *Richardson v. Selsky*, 5 F.3d 616, 621 (2d Cir. 1993).

A material fact is one that would "affect the outcome of the suit under the governing law," and a dispute about a genuine issue of material fact occurs if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505;

*R.B. Ventures, Ltd. v. Shane,* 112 F.3d 54, 57 (2d Cir.1997).

### Kelly Has Presented a Factual Dispute

■ Kelly has alleged that counsel for the Plaintiffs, seeking his cooperation and testimony, promised him, "that with my cooperation I would not be persuded [sic] in the civil matter." Such an agreement, if so understood by both parties, and it is not contradicted on the record, could constitute an affirmative defense and a bar to this motion.

This is the case since courts regularly enforce cooperation agreements. *E.g., United States v. Gonzalez,* No. 00–1543(L), 29 Fed.Appx. 22, 24–25, 2001 U.S.App. LEXIS 27408, *4–5 (2d Cir.2001) (interpreting the terms of a cooperation agreement to determine whether the government breached the agreement); *United States v. Gregory,* 245 F.3d 160, 165 (2d Cir.2001) (explaining that "[c]ooperation agreements, like plea bargains, are interpreted according to principles of contract law.").

Thus, an issue has been presented as to the fact of such an agreement sufficient to bar summary judgment against Kelly.

### Walsh Has Presented a Factual Issue as to His Intent

The Plaintiffs acknowledge that in order to establish a defamation claim, they must "at least" establish a defendant's negligence. (Pls' Mem. at 2 n. 1.) Walsh contends that in order to establish his joint and several liability for concerted action, he must have the requisite knowledge to act in accordance with an agreement to cooperate or to accomplish a particular result citing Restatement (Second) of Torts § 876(a)(6). (Opp'n Mem. at 11.) Under either standard, a knowing act is required.

■ Both parties have cited *Rastelli v. Goodyear Tire & Rubber Co.,* 165 A.D.2d 111, 114–15, 565 N.Y.S.2d 889, 891 (3d Dep't 1991) *rev'd on other grounds,* 79 N.Y.2d 289, 591 N.E.2d 222, 582 N.Y.S.2d 373 (1992), which considered the issue of joint and several liability and concerted action in the context of claims for negligence, strict liability, and breach of warranty in connection with a tire explosion. The court held that the theory of concerted action is that "one may be liable for the tortious conduct of another person by, *inter alia,* engaging in a tortious act in concert or pursuant to a common design with the other person, or giving substantial assistance or encouragement to the other person with knowledge that the other's conduct constitutes a breach of duty." *Rastelli,* 565 N.Y.S.2d at 891. To be liable for concerted action, a plaintiff must present some evidence of an explicit or implicit agreement to engage in or promote tortious activity. *Shea v. Kelly,* 121 A.D.2d 620, 503 N.Y.S.2d 649 (2d Dep't 1986).

■ Here, Walsh maintains he did not have knowledge of the tortious acts. He did not know why the fliers were being distributed, did not review the fliers' contents before they were distributed, and did not know that he was assisting in the circulation of defamatory fliers. Walsh claims he did not know the risks associated with handing out the fliers and was not even intended to be a distributor on the night in question.

Walsh also claims that because the fliers related to matters of public concern, the test for liability is gross irresponsibility under *Chapadeau v. Utica Observer–Dispatch, Inc.,* 38 N.Y.2d 196, 341 N.E.2d 569, 379 N.Y.S.2d 61 (1975). The Plaintiffs have challenged this proposition only by repeating their claim that negligence is the appropriate standard. The Plaintiffs' principal attack on Walsh's position is that he did possess the requisite knowledge to be held negligent. A factual issue is thereby presented as to Walsh's intent.

Under these circumstances the factual dispute bars summary judgment.

*Conclusion*

For the reasons set forth, the Plaintiffs' motion is denied.

The pretrial order will be filed on a schedule to be agreed upon by counsel or determined by the Court without such agreement.

It is so ordered.