■ MIC PROPERTY & CASUALTY CORP., Respondent, v MERQUI G. AVILA et al., Defendants, and KAREN SINGLETON BEARDS, Appellant. [886 NYS2d 186]—

In an action for a judgment declaring, inter alia, that the plaintiff is not obligated to defend or indemnify Merqui G. Avila or Pedro E. Avila in an underlying personal injury action entitled *Hill v Avila*, pending in the Supreme Court, Nassau County, under index No. 20620/05 and an underlying personal injury and wrongful death action entitled *Beards v Avila*, pending in the Supreme Court, Nassau County, under index No. 10988/06, the defendant Karen Singleton Beards appeals from an order of the Supreme Court, Suffolk County (Costello, J.), dated May 6, 2008, which granted the plaintiff's motion for summary judgment declaring, in effect, that it is not so obligated.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment is denied.

On October 3, 2005, the defendant Merqui G. Avila (hereinafter Merqui) was driving a car owned by the defendant Pedro E. Avila (hereinafter Pedro) when that vehicle struck an automobile owned and operated by the defendant Herbert Singleton, killing one of the passengers in that vehicle, Vinette Louise Singleton, and injuring two others. Merqui and the driver of another vehicle, Carlos Molina, were charged with manslaughter in the second degree as a result of the accident. During their plea allocution to the reduced charge of criminally negligent homicide, both admitted that at the time of the accident, they were engaged in a speed contest. In their prior statements to the police, however, they admitted only that after being stopped adjacent to each other at a traffic light, they each attempted to pass the other over the ensuing blocks until the accident occurred.

The injured passengers and Karen Singleton Beards, the executrix of the estate of Vinette Louise Singleton, commenced an action against Merqui, Pedro, Molina, and Herbert Singleton to recover damages based upon Merqui's alleged negligence. The plaintiff, MIC Property & Casualty Corp. (hereinafter MIC), which insured Pedro's vehicle, disclaimed coverage based upon a policy provision that excluded liability for a vehicle that was used in or preparing for "any race, speed contest or performance contest." MIC then commenced this action for a judgment declaring that it has no duty to defend or indemnify Merqui or Pedro in the underlying actions. The Supreme Court granted MIC's motion for summary judgment declaring, in effect, that it is not so obligated. We reverse.

Merqui's plea of guilty to criminally negligent homicide does

not, in itself, establish that he was engaged in a speed contest at the time of the accident. "A person is guilty of criminally negligent homicide when, with criminal negligence, he causes the death of another person" (Penal Law § 125.10). Since nothing in the statutory language requires that, to be convicted of that crime, a person have been engaged in a speed contest, the conviction of criminally negligent homicide does not, in itself, establish that Merqui was involved in a speed contest (*see Allstate Ins. Co. v Zuk*, 78 NY2d 41, 45 [1991]).

Merqui's admission that he was engaged in a speed contest at the time of the accident also is not dispositive here. At issue here is the meaning of the term "speed contest" in the exclusion from coverage contained in the insurance policy issued by MIC. To " 'negate coverage by virtue of an exclusion, an insurer must establish that the exclusion is stated in clear and unmistakable language, is subject to no other reasonable interpretation, and applies in the particular case' " (*Belt Painting Corp. v TIG Ins. Co.*, 100 NY2d 377, 383 [2003], quoting *Continental Cas. Co. v Rapid-American Corp.*, 80 NY2d 640, 652 [1993]; *see Incorporated Vil. of Cedarhurst v Hanover Ins. Co.*, 89 NY2d 293, 298 [1996]). Any ambiguity in the exclusion is to be construed against the insurer (*see Allstate Ins. Co. v Noorhassan*, 158 AD2d 638, 639 [1990]). "The test for ambiguity is whether the language in the insurance contract is susceptible of two reasonable interpretations. The focus of the test is on the reasonable expectations of the average insured upon reading the policy" (*NIACC, LLC v Greenwich Ins. Co.*, 51 AD3d 883, 884 [2008] [internal quotation marks and citations omitted]). "The insurance company bears the burden of establishing that the exclusions apply in a particular case and they are subject to no other reasonable interpretation" (*MDW Enters. v CNA Ins. Co.*, 4 AD3d 338, 340 [2004]; *see Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304, 311 [1984]; *Gaetan v Firemen's Ins. Co. of Newark*, 264 AD2d 806, 808 [1999]). MIC failed to carry this burden here.

The policy does not define the term "speed contest." Where the term is used in New York law, however, in Vehicle and Traffic Law § 1182 (1), it does not encompass the conduct in which Merqui engaged here. Merely speeding down the street, even in tandem with another vehicle, does not constitute a "speed contest" within the meaning of that statute (*see People v Grund*, 14 NY2d 32 [1964]; *see also Shea v Kelly*, 121 AD2d 620, 621 [1986]). "Violation of this statute means that, at least by implication, some race course must have been planned by the competitors along a street. It is not enough that an automobile

operated by defendant and one by his codefendant left an intersection abreast when the traffic light changed to green and, thereafter, travelled abreast at about 55 miles an hour, each car jockeying for position" (*People v Grund,* 14 NY2d at 34).

The statements made by Merqui and Molina to the police on the day after the accident, which are admissible for the purpose of defeating a motion for summary judgment (*see Ashif v Won Ok Lee,* 57 AD3d 700 [2008]; *Westchester Med. Ctr. v Progressive Cas. Ins. Co.,* 51 AD3d 1014, 1017 [2008]; *cf. Niyazov v Bradford,* 13 AD3d 501, 502 [2004]), raised a triable issue of fact as to whether Merqui's conduct falls within the exclusion as so defined. Therefore, MIC's motion for summary judgment should have been denied (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]).

MIC's remaining contention is not properly before this Court. Spolzino, J.P., Fisher and Florio, JJ., concur.

Santucci, J., dissents, and votes to affirm the order appealed from and remit the matter to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the plaintiff is not obligated to defend or indemnify Merqui G. Avila or Pedro E. Avila in an underlying personal injury action entitled *Hill v Avila,* pending in the Supreme Court, Nassau County, under index No. 20620/05, and an underlying personal injury and wrongful death action entitled *Beards v Avila,* pending in the Supreme Court, Nassau County, under index No. 10988/06, with the following memorandum, in which Balkin, J., concurs.

Contrary to the conclusion of my colleagues in the majority, I conclude that the insurer herein did establish a prima facie case for disclaiming coverage by virtue of a policy exclusion (*see Incorporated Vil. of Cedarhurst v Hanover Ins. Co.,* 89 NY2d 293, 298 [1996]). The appellant contends, inter alia, that the plaintiff, MIC Property & Casualty Corp. (hereinafter MIC), failed to meet its burden because the policy does not define the term "speed contest," and because the conduct of the drivers, the defendants Merqui G. Avila (hereinafter Merqui) and Carlos Molina (hereinafter together the drivers), did not rise to a level that can be considered a violation of Vehicle and Traffic Law § 1182 (1)—the provision that prohibits unregulated "speed contests." At the time of the accident, Vehicle and Traffic Law § 1182 (1) provided, in pertinent part: "No races or contests for speed shall be held and no person shall engage in or aid or abet in any motor vehicle speed contest or exhibition of speed on a highway without the permission of the authorities of the state, city, town or village having jurisdiction and unless the same is

fully and efficiently patrolled for the entire distance over which such race or contest for speed is to be held." As noted by the majority, the Court of Appeals, in interpreting this statute, has held that "[v]iolation of this statute means that, at least by implication, some race course must have been planned by the competitors along a street" (*People v Grund*, 14 NY2d 32, 34 [1964]), and that even though the defendant in that case and another driver may have been speeding and jockeying for position, the evidence was "not sufficient to convict [the defendant] beyond a reasonable doubt of 'drag racing' in violation of section 1182 of the Vehicle and Traffic Law" (*id.*). Thus, the *Grund* case is persuasive to the extent that it defines what constitutes a speed contest insofar as it relates to evidence sufficient to convict under Vehicle and Traffic Law § 1182.

However, in the case at bar, the issue is not the sufficiency of evidence with respect to the drivers' criminal convictions, but rather, whether MIC met its burden of establishing that the conduct at issue falls within the policy exclusion. In contrast to Vehicle and Traffic Law § 1182, the policy at issue does not require that a race be prearranged or organized, nor does it cite to the Vehicle and Traffic Law. The policy merely uses the same phrase, "speed contest." In this regard, it is to be noted that the phrase "speed contest" also has been interpreted to mean "a challenge coupled with a response in speed and relative position indicating acceptance of the challenge," which is a lower standard of proof than that required for a criminal conviction for drag racing under Vehicle and Traffic Law § 1182 (*Shea v Kelly*, 121 AD2d 620, 621 [1986], citing *People v Grund*, 14 NY2d 32 [1964]). Moreover, based on the statements which the drivers made to the police at the time of their arrest, I believe that it is fair to conclude that their actions prior to the accident constituted such a "speed contest." Indeed, both drivers indicated that just before the accident occurred, and after stopping at a traffic light, Merqui pulled away at a high rate of speed and Molina raced to catch up with him. After stopping at a second traffic light, they continued "playing with each other," and pulled away at a high rate of speed as Merqui tried to pass Molina.

Furthermore, although no specifics as to the speed contest were elicited during the plea allocution, neither Merqui nor Molina was charged with a violation of the Vehicle and Traffic Law. Finally, and most significantly, the drivers clearly admitted that they had participated in a speed contest when they were asked that question during their plea allocution. Indeed, a review of the plea minutes indicates that not only did the court

specifically elicit such admissions from them, but also, that there was no concern expressed at that time about the meaning of the questions being posed. The relevant portion of the plea transcript is as follows:

"THE COURT: Mr. Molina, let's go back to the 4th day of October, year 2005, County of Nassau, State of New York . . . It is true that you were engaged in a speed contest with Mr. [Merqui] Avila; is that correct?

"DEFENDANT MOLINA: Yes.

"THE COURT: And . . . the speed contest was . . . the criminal negligence on your part. Do you agree to that?

"DEFENDANT MOLINA: Yes . . .

"THE COURT: . . . Mr. [Merqui] Avila, let's go back to the 4th day of October, year 2005, County of Nassau, State of New York . . . Now, on that particular date, that particular location, were you involved in this speed contest with the co-defendant, defendant Molina; is that correct?

"DEFENDANT [MERQUI] AVILA: Yes . . .

"THE COURT: And your criminal negligence was the speed contest, is that correct?

"DEFENDANT [MERQUI] AVILA: Yes."

Accordingly, by submission of the insurance policy exclusion and a transcript of the drivers' plea allocutions in which they admitted participating in a "speed contest," MIC met its prima facie burden of establishing entitlement to judgment as a matter of law (*see Utica Fire Ins. Co. of Oneida County, N.Y. v Shelton,* 226 AD2d 705, 706 [1996]). In opposition thereto, the appellant and the defendants Herbert Hill, Alice Gordon, and Herbert Singleton failed to raise a triable issue of fact. Therefore, in my opinion, the Supreme Court properly granted MIC's motion for summary judgment, and I would affirm the order appealed from and remit the matter to the Supreme Court, Suffolk County, for the entry of a judgment declaring the MIC is not obligated to defend or indemnify Merqui or Pedro in an underlying personal injury action entitled *Hill v Avila,* pending in the Supreme Court, Nassau County, under index No. 20620/05, and an underlying personal injury and wrongful death action entitled *Beards v Avila,* pending in the Supreme Court, Nassau County, under index No. 10988/06.