OPINION OF THE COURT
Memorandum.
Ordered that the judgment of conviction is reversed, on the law, the accusatory instrument is dismissed, and the fine, surcharge, and fee, if paid, are remitted.
Defendant was charged in an accusatory instrument, denominated as a “Complaint/Information,” with violating Vehicle and Traffic Law § 1182 (1), as follows:
“At [the] time [and] place of occurrence [7:40 p.m. on August 2, 2014, on the southbound Little Neck Parkway at Hillside Avenue in Queens], defendant along with another were observed in a race at a high rate of speed weaving between other vehicles on a public highway, causing a hazardous condition.”
At a nonjury trial, the officer who issued the summons testified that, at approximately 7:40 p.m. on August 2, 2014, he was driving southbound on Little Neck Parkway near 82nd Avenue in Queens, when he observed a tan BMW traveling southbound, side-by-side with a dark-colored four-door sedan, and both vehicles were traveling at a high rate of speed. The weather conditions were clear. When the drivers encountered traffic, they wove in and out of lanes and through traffic, until they reached Hillside Avenue, which was three blocks from 82nd Avenue. Both vehicles made a left turn from the middle lane of Little Neck Parkway, rather than the turning lane, onto Hillside Avenue. The officer was about six or seven car lengths from the vehicles.
*30 The officer pulled defendant over at a red light on Hillside Avenue. He was unable to pull the other car over. The officer issued defendant summonses for turning from the middle lane, improper lane change without signaling, and engaging in a speed contest and races. The officer “didn’t clock the speed” of the vehicles.
Defendant testified that he had been driving from his home in East Elmhurst, southbound on Little Neck Parkway, at approximately 35 miles per hour. He admitted that he had made a left turn from the middle lane of Little Neck Parkway onto Hillside Avenue. Defendant did not notice a dark car while he was driving. He denied weaving in and out of traffic.
Defendant did not move to dismiss at the close of all of the evidence. The only charge before the court was participating in a speed contest and races. Defendant’s counsel argued in summation that the proof that two vehicles had been traveling side-by-side at a high rate of speed was insufficient to convict defendant of participating in a speed contest and races.
The court found defendant guilty, stating that
“I’ve been driving for, maybe 65 years or maybe more, and I’ve seen this scene while I’m on the road. I could see it. I’m not an officer. But when I see two cars moving in and out following each other, just those two moving in and out, to me, that’s a speed contest. Very simple.”
The court noted that the officer did not have to state the rate of speed of defendant’s vehicle, and added that “[w]eaving in and out both at the same time, yes, that’s a speed contest.”
On appeal, defendant argues that, pursuant to People v Grund (14 NY2d 32 [1964]), the evidence was insufficient to establish defendant’s guilt of participating in a speed contest and races, because no evidence was presented that a race course had been preplanned, that there had been an agreement to engage in a race with another driver, and that defendant had been speeding.
Vehicle and Traffic Law § 1182 (1), “Speed contests and races,” in pertinent part, provides that
“no races, exhibitions or contests of speed shall be held and no person shall engage in or aid or abet in any motor vehicle or other speed contest or exhibition of speed on a highway. Such event, if held, shall be fully and efficiently patrolled for the entire distance over which such race, exhibition or contest *31 for speed is to be held. ... A violation of any of the provisions of this section shall constitute a misdemeanor.”
In People v Grund (14 NY2d 32, 33 [1964]), the Court of Appeals determined that a conviction of participating in a speed contest and races depends not on whether a defendant “may have been guilty of speeding or reckless driving in the operation of his automobile, but on whether he and the driver of another vehicle were ‘drag racing’ in violation of section 1182 of the Vehicle and Traffic Law.” In Grund, the defendant and another vehicle drove side-by-side at approximately 55 miles an hour after a light turned green, with each car jockeying for position. The Court then continued:
“Violation of this statute means that, at least by implication, some race course must have been planned by the competitors along a street. It is not enough that an automobile operated by defendant and one by his codefendant left an intersection abreast when the traffic light changed to green and, thereafter, travelled abreast at about 55 miles an hour, each car jockeying for position. If this is what these defendants did, they were clearly guilty of speeding, perhaps of reckless driving, and it may be that they were guilty of other misdemeanors or traffic infractions as well. From that circumstance it does not follow, however, that they were ‘drag racing’ on the public street. Not every competitive encounter between two automobiles accelerated from a street intersection upon a change in the traffic signal constitutes a ‘drag race,’ even though they may jockey for position by passing and repassing each other. It is not indicated that this is a commendable manner of driving or that these defendants were not guilty of other crimes or offenses. We hold merely that the evidence before us is not sufficient to convict [the defendant] beyond a reasonable doubt of [violating] section 1182 of the Vehicle and Traffic Law” (People v Grund, 14 NY2d at 34).
Stated otherwise, “[mjerely speeding down the street, even in tandem with another vehicle, does not constitute a ‘speed contest’ within the meaning of” Vehicle and Traffic Law § 1182 (1) (MIC Prop. & Cas. Corp. v Avila, 65 AD3d 1303, 1305 [2009]; cf. People v Flores-Reyes, 11 Misc 3d 130[A], 2006 NY Slip Op 50313 [U] [App Term, 2d Dept, 2d & 11th Jud Dists 2006]).
*32 We find that the “Complaint/Information” was jurisdic-tionally insufficient. Even affording the factual allegations of the accusatory instrument, an information, a fair and not overly restrictive or technical reading (see People v Smalls, 26 NY3d 1064, 1066-1067 [2015]; People v Casey, 95 NY2d 354, 360 [2000]), there was no allegation that defendant had preplanned a race course. The factual allegations only set forth that defendant and another driver had been observed by an officer in a race at a high rate of speed weaving between other vehicles on a public highway.
Even were the accusatory instrument jurisdictionally sufficient, we would reverse the judgment of conviction as a matter of discretion in the interest of justice, as the evidence adduced at the trial was legally insufficient to support defendant’s conviction of participating in a speed contest and races. While defendant’s legal sufficiency claim is unpreserved for appellate review, as he never moved to dismiss before the trial court (see CPL 470.05 [2]; People v Gray, 86 NY2d 10, 20-21 [1995]), the evidence adduced at the trial established only that the officer had seen defendant driving at a high rate of speed for three blocks, and that the two vehicles were weaving in and out of traffic as they approached Hillside Avenue. The officer did not present any facts from which it could be discerned that the drivers of the two vehicles had agreed to engage in a speed contest or preplanned a race course (see People v Grund, 14 NY2d at 34).
Accordingly, the judgment of conviction is reversed, the accusatory instrument is dismissed, and the fine, surcharge, and fee, if paid, are remitted.
Weston, J.P., Aliotta and Elliot, JJ., concur.