The People of the State of New York, Respondent,
against
Susan Mary Ferdinand, Appellant. 




Scheyer & Stern, LLC (Fredrick P. Stern of counsel), for appellant.
Office of the Brookhaven Town Attorney (Edward A. Flood of counsel), for respondent.

Appeal from a judgment of conviction of the District Court of Suffolk County, First District (James F. Matthews, J.), rendered September 28, 2018. The judgment convicted defendant, after a nonjury trial, of violating Brookhaven Town Code § 16-3, and imposed sentence.




ORDERED that the judgment of conviction is reversed, on the law and as a matter of discretion in the interest of justice, the accusatory instrument is dismissed, and the fine, if paid, is remitted.
Defendant was charged in an accusatory instrument with violating Brookhaven Town Code § 16-3 on March 31, 2016. The charge arose from allegations that an "addition" had been constructed in the rear of the main dwelling on a specified premises without a permit and that defendant was the owner of the premises. After a nonjury trial, defendant was convicted as charged. Defendant's subsequent CPL 330.30 motion to set aside the verdict was denied. 
Brookhaven Town Code § 16-3 provides, in pertinent part, that "[i]t shall be unlawful to construct, alter, remove, demolish or maintain, or to allow, commence or continue to maintain the alteration, removal, or demolition of a wall, structure, plumbing, building or any part thereof" [*2]without obtaining a proper permit therefor. Here, there was no evidence that defendant had constructed the rear "addition," or allowed or commenced the construction thereof. Furthermore, there was no evidence that defendant had maintained or continued to maintain, as an owner of the property, the rear "addition" constructed in violation of the permit requirement. In this regard, although the People proffered a deed to the property to show that defendant had become the owner of the property on January 20, 2016, the People conceded in their posttrial memorandum of law that, in February 2016, the ownership of the property had been transferred from defendant to a trust, and there was no proof that the rear "addition" had been constructed before the February 2016 transfer. Therefore, the evidence adduced at the trial was legally insufficient to support defendant's conviction of violating Brookhaven Town Code § 16-3 on March 31, 2016 (see People v Anmar Realty, LLC, 26 Misc 3d 144[A], 2010 NY Slip Op 50423[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2010]). While this contention is unpreserved for our review, as a matter of discretion in the interest of justice (see People v Ishtiaq, 162 AD3d 1067, 1068 [2018]; People v Gandolfo, 111 AD3d 849, 850 [2013]; People v Saini, 56 Misc 3d 28, 32 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]), we reverse the judgment convicting defendant of violating Brookhaven Town Code § 16-3 and dismiss the accusatory instrument.
In light of our disposition, we reach no other issue.
Accordingly, the judgment of conviction is reversed and the accusatory instrument is dismissed. 
GARGUILO, J.P., ADAMS and EMERSON, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 7, 2020