■ PETER FERRI, SR., et al., Plaintiffs, v 63 MADISON ASSOCIATES, L. P., et al., Defendants. NEW YORK LIFE INSURANCE CO.,

Inc., Third-Party Plaintiff-Respondent, v H.C. KRANICHFELD, Inc., Third-Party Defendant-Appellant. [720 NYS2d 789] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered April 17, 2000, which, to the extent appealed from, granted the motion for summary judgment of third-party plaintiff New York Life Insurance Co., against third-party defendant H.C. Kranichfeld, Inc., on its claim for contractual indemnification for liability it incurred pursuant to Labor Law § 240 (1), and denied Kranichfeld's cross-motion for summary judgment dismissing the third-party complaint, unanimously reversed, on the law, without costs, the motion denied and the cross-motion granted. The Clerk is directed to enter judgment in favor of third-party defendant-appellant dismissing the third-party complaint.

Since the second paragraph of Workers' Compensation Law § 11, as added by the Omnibus Workers' Compensation Reform Act of 1996 (L 1996, ch 635, § 2), explicitly and unequivocally requires that any contract for indemnification be written and entered into prior to the accident or occurrence, which is not the case here, New York Life's claim is barred, and the cross-motion court erred in denying Kranichfeld's motion for summary judgment. Concur—Rosenberger, J. P., Nardelli, Ellerin, Saxe and Friedman, JJ.