■ ERNESTO GUIJARRO et al., Plaintiffs, v V.R.H. CONSTRUCTION CORP. et al., Defendants and Third-Party Plaintiffs-Respondents. GUARANTEED CLEAN AIR, INC., Third-Party Defendant-Appellant. [736 NYS2d 397] —In an action to recover damages for personal injuries, etc., the third-party defendant appeals from an order of the Supreme Court, Queens County (Berke, J.), dated March 26, 2001, which denied its motion for summary judgment dismissing the third-party complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the third-party complaint is dismissed.

The defendant third-party plaintiff Port Authority of New

York & New Jersey (hereinafter the Port Authority) operates John F. Kennedy International Airport. The defendant third-party plaintiff Delta Airlines, Inc. (hereinafter Delta), occupies a terminal at the airport pursuant to a lease with the Port Authority. Delta contracted with the defendant third-party plaintiff V.R.H. Construction Corp. (hereinafter VRH) to renovate a part of its terminal. During the renovation project, VRH retained the third-party defendant, Guaranteed Clean Air, Inc. (hereinafter Guaranteed), to perform asbestos abatement work at the terminal. Although Guaranteed began work in December 1995, it did not enter into a written contract until February 22, 1996. On January 21, 1996, while the plaintiff Ernesto Guijarro was employed by Guaranteed on the renovation project, he allegedly sustained injuries when he fell 13 feet from a scaffold. He and his wife commenced this action, inter alia, to recover damages for personal injuries against VRH, Delta, and the Port Authority (hereinafter collectively referred to as the respondents). The respondents then commenced a third-party action against Guaranteed for contractual indemnification.

In the absence of a "grave injury," Workers' Compensation Law § 11, as amended in 1996, bars a third-party action for contribution or indemnification against an employer when its employee is injured in a work-related accident, unless the employer entered into a written contract "prior to the accident or occurrence by which the employer had expressly agreed to contribution to or indemnification of the claimant or person asserting the cause of action for the type of loss suffered" (Workers' Compensation Law § 11; see, Potter v M.A. Bongiovanni, Inc., 271 AD2d 918; Acosta v Green Mgt. Corp., 267 AD2d 67). In response to Guaranteed's motion for summary judgment dismissing the third-party complaint, the respondents conceded that Guijarro did not sustain a "grave injury" within the meaning of the statute (see, McCoy v Queens Hydraulic Co., 286 AD2d 425; Ibarra v Equipment Control, 268 AD2d 13). Since Workers' Compensation Law § 11 explicitly requires that any written contract for indemnification must be entered into prior to an accident, which is not the case here, the Supreme Court erred in denying Guaranteed's motion (see, Ferri v 63 Madison Assoc., 280 AD2d 419). S. Miller, J.P., Friedmann, Adams and Cozier, JJ., concur.