■ VILLAGE MALL AT HILLCREST CONDOMINIUM, Respondent, v MERRIMACK MUTUAL FIRE INSURANCE COMPANY, Appellant, and CHUBB & SON, INC., et al., Respondents. [766 NYS2d 70] —In an action, inter alia, for a judgment declaring that the defendant Merrimack Mutual Fire Insurance Company is obligated to defend and indemnify the plaintiff in an underlying action entitled *Pitcairn v A.C. & S., Inc.,* pending in the Supreme Court, New York County, under Index No. 111557/99, the defendant Merrimack Mutual Fire Insurance Company appeals from an order of the Supreme Court, Queens County (Dollard, J.), dated May 24, 2001, which denied its motion for summary judgment.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action, inter alia, for a judgment declaring that the defendant Merrimack Mutual Fire Insurance Company (hereinafter Merrimack) was obligated under seven successive annual insurance policies to provide a defense and/or indemnify it in connection with an underlying personal injury action brought against it arising out of asbestos inhalation. Merrimack disclaimed coverage based upon the pollution exclusion clauses under the subject policies.

The pollution exclusion clauses under the subject policies indicated that coverage did not apply to " 'bodily injury' or 'property damage' arising out of the actual, alleged or threatened discharge, dispersal, release or escape of pollutants." Pollutants were defined as "any solid, liquid, gaseous or *thermal irritant* or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed" (emphasis added).

Merrimack moved for summary judgment in the declaratory judgment action. The Supreme Court denied the motion, finding that while Merrimack established, prima facie, its entitlement to judgment as a matter of law, there were issues of fact as to whether asbestos was considered a "pollutant," as that term was defined under the subject policies.

"To negate coverage by virtue of an exclusion, an insurer must establish that the exclusion is stated in clear and unmistakable language, is subject to no other reasonable interpretation, and applies in the particular case" (*Continental Cas. Co. v Rapid-Am. Corp.,* 80 NY2d 640, 652 [1993]; *see Belt Paint-*

*ing Corp. v TIG Ins. Co.,* 100 NY2d 377 [2003]; *Westview Assoc. v Guaranty Natl. Ins. Co.,* 95 NY2d 334, 340 [2000]). Where the language of the policy "is doubtful or uncertain in its meaning, any ambiguity must be resolved in favor of the insured and against the insurer" (*see Westview Assoc. v Guaranty Natl. Ins. Co., supra* at 340). Further, if the exclusionary clause fails to include the particular loss that the insurer alleges, then the insured is entitled to be defended and possibly indemnified (*id.* at 340; *see also Servidone Constr. Corp. v Security Ins. Co. of Hartford,* 64 NY2d 419, 425 [1985]; *Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304 [1984]; *Cepeda v Varveris,* 234 AD2d 497 [1996]).

Although the Court of Appeals, as well as this Court, has acknowledged that asbestos may be a thermal irritant (*see Belt Painting v TIG Ins. Co., supra; Continental Cas. Co. v Rapid-Am. Corp., supra; A-One Oil v Massachusetts Bay Ins. Co.,* 250 AD2d 633 [1998]), the term "asbestos" is not specifically included within the definition of "pollutants" under the pollution exclusion provision of the subject policies. Merrimack's interpretation of the pollution exclusion clauses under the subject policies presents an ambiguity which must be resolved against it as insurer. As such, there is an issue of fact as to whether asbestos falls within the definition of a "pollutant" as defined under the terms of the policies herein. Accordingly, the Supreme Court properly denied the motion by Merrimack for summary judgment. Feuerstein, J.P., S. Miller, Friedmann and Cozier, JJ., concur.