RONALD FISCHER et al., Plaintiffs, v WALDBAUM'S, INC., et al., Defendants and Third-Party Plaintiffs-Respondents. TOMCO MECHANICAL CORPORATION, Third-Party Defendant-Appellant. [776 NYS2d 904]—In an action to recover damages for personal injuries, etc., the third-party defendant appeals from an order of the Supreme Court, Suffolk County (Loughlin, J.), dated March 25, 2003, which denied its motion for summary judgment dismissing the third-party complaint.

Ordered that the order is affirmed, with costs.

Workers' Compensation Law § 11 bars a third-party action for contribution or indemnification against an employer when its employee is injured in a work-related accident unless the employee has sustained a "grave injury" or the claim for contribution or indemnification is "based upon a provision in a written contract entered into prior to the accident or occurrence by which the employer had expressly agreed to contribution to or indemnification of the claimant or person asserting the cause of action for the type of loss suffered" (Workers' Compensation Law § 11; *see Majewski v Broadalbin-Perth Cent. School Dist.,* 91 NY2d 577, 585 [1998]; *Guijarro v V.R.H. Constr. Corp.,* 290 AD2d 485, 486 [2002]; *Potter v M.A. Bongiovanni, Inc.,* 271 AD2d 918, 919 [2000]).

The injured plaintiff Ronald Fischer (hereinafter the plaintiff) did not sustain a "grave injury" within the meaning of the statute (Workers' Compensation Law § 11). However, in response to the appellant's prima facie showing of entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]), the respondents raised a triable issue of fact as to

whether there was a written contract for indemnification in effect on the date of the plaintiff's accident. Thus, the Supreme Court properly denied the appellant's motion for summary judgment dismissing the third-party complaint. Florio, J.P., Krausman, Cozier and Rivera, JJ., concur.