KEVIN MCDONALD, Plaintiff, v 450 WEST SIDE PARTNERS, LLC, et al., Defendants. SAFEWAY STEEL PRODUCTS, Third-Party Plaintiff-Respondent, v ALL-SAFE HEIGHT CONTRACTING CORP., Third-Party Defendant-Appellant. [821 NYS2d 77]—

Order, Supreme Court, Bronx County (Stanley Green, J.), entered April 27, 2005, which, insofar as appealed from, denied third-party defendant's motion for summary judgment dismissing third-party plaintiff's cause of action for contractual indemnification, unanimously affirmed, with costs.

The main action is for personal injuries sustained when plaintiff fell off a sidewalk bridge scaffold to which he was affixing a wire mesh catch-all. Plaintiff was employed by third-party defendant (All-Safe), which had been subcontracted to erect the sidewalk bridge by third-party plaintiff (Safeway). The subcontract, which is reflected in Safeway's purchase order to All-Safe, was entered into prior to the accident, contains a broad indemnification clause in favor of Safeway, and contains another clause that reserves to Safeway the right at any time to change the "[s]pecifications, drawings and data incorporated into this contract where the items to be furnished are to be specially manufactured for [Safeway]." The purchase order is for a "heavy duty sidewalk shed" and makes no reference to a catch-all. There is evidence that a catch-all was contemplated by the main contract, and that All-Safe undertook to install the catch-all pursuant to Safeway's express oral request after the bridge was complete. There is also evidence that it was not unusual for Safeway to issue purchase orders to All-Safe after the latter had completed its work. The catch-all was dismantled

shortly after the accident, and a second catch-all, designed by an engineer, was erected pursuant to a second purchase order issued some six months after the accident. This second purchase order, unlike the first, does not contain an indemnification clause.

We reject All-Safe's argument that the record conclusively establishes that the parties intended the second purchase order to apply retroactively to the first catch-all. First, we cannot say as a matter of law that Safeway's right under the first purchase order to change specifications, drawings and data did not include a catch-all. All-Safe argues that its only responsibility under the first purchase order was to provide the labor needed to erect the bridge, not any materials, and that the changes permitted pertained only to materials. The argument overlooks other provisions in the purchase order that expressly refer to materials and goods, as well as services, to be provided by All-Safe, e.g., a seller warranty that "all goods and services provided hereunder will conform to Buyer's instructions, specifications, drawings and data." The indemnification provision itself refers to "any defects, deficiencies, or failures of any materials, services or labor."

But even if there were no reservation of right to make changes, All-Safe's undertaking to install a catch-all without a purchase order specifying same, and the absence of an explanation as to why the parties would agree to an indemnification provision in connection with the bridge but not the appurtenant catch-all, would raise an issue of fact as to whether the parties believed that the first purchase order covered installation of a catch-all, and intended the second purchase order to apply only to the second, "engineered" catch-all installed after the accident (*see Fischer v Waldbaum's, Inc.*, 7 AD3d 756 [2004]; *cf. Flores v Lower E. Side Serv. Ctr., Inc.*, 4 NY3d 363, 369-370 [2005]). Concur—Mazzarelli, J.P., Sweeny, Catterson, McGuire and Malone, JJ.