■ FORTRESS INSURANCE COMPANY, Respondent, v STEVEN A. KOLLANDER, Appellant. [837 NYS2d 327]—

In an action, in effect, for a judgment declaring that the plaintiff is not obligated to defend and indemnify the defendant in an underlying action entitled *Eliades v Kollander*, pending in the Supreme Court, Queens County, under index No. 9620/05, the defendant appeals from (1) an order of the Supreme Court, Nassau County (Mahon, J.), dated September 25, 2006, which, in effect, denied his motion to compel the plaintiff to comply with certain discovery demands, and (2) an order of the same court entered November 2, 2006, which granted the plaintiff's motion for summary judgment declaring that the plaintiff is not obligated to defend and indemnify the defendant in the underlying action, and denied his cross motion for summary judgment declaring that the plaintiff is so obligated.

Ordered that the orders are affirmed, with one bill of costs, and the matter is remitted to the Supreme Court, Nassau

County, for the entry of a judgment declaring that the plaintiff is not obligated to defend or indemnify the defendant in the underlying action.

An insurer can be relieved of its duty to defend by establishing, as a matter of law, that there is no possible factual or legal basis upon which it might eventually be obligated to indemnify the insured (*see First State Ins. Co. v J & S United Amusement Corp.*, 67 NY2d 1044, 1046 [1986]; *Spoor-Lasher Co. v Aetna Cas. & Sur. Co.*, 39 NY2d 875, 876 [1976]). The plaintiff, which issued a dental malpractice insurance policy to the defendant in which it essentially agreed to defend and indemnify him in any action brought against him to recover damages for "bodily injury," established that the claims involved in the underlying action did not seek to recover such damages, and therefore, were not within the scope of the policy. Since, in response, the defendant failed to raise a triable issue of fact, the court correctly granted the plaintiff's motion for summary judgment and denied the defendant's cross motion for summary judgment.

The defendant's remaining contention is without merit.

Since this, in effect, is a declaratory judgment action, we remit the matter to the Supreme Court, Nassau County, for the entry of a judgment declaring that the plaintiff is not obligated to defend or indemnify the defendant in the underlying action (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962]). Miller, J.P., Ritter, Covello and Balkin, JJ., concur.