■ ESSEX INSURANCE COMPANY, Respondent, v ROY L. PINGLEY, Defendant, and BRIM RECYCLERS, INC., et al., Appellants. [839 NYS2d 208]—

In an action for a judgment declaring that the plaintiff, Essex Insurance Company, is not obligated to defend and indemnify the defendants Brim Recyclers, Inc., and William Burnett in an underlying action entitled *Pingley v Brim Recyclers, Inc.*, pending in the Supreme Court, Orange County, under index No. 6042/04, the defendants Brim Recyclers, Inc., and William

Burnett appeal from an order of the Supreme Court, Orange County (Owen, J.), dated April 24, 2006, which granted the plaintiff's motion for summary judgment and denied their cross motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion for summary judgment is denied, and the cross motion of the defendants Brim Recycling, Inc., and William Burnett for summary judgment is granted, and the matter is remitted to the Supreme Court, Orange County, for entry of a judgment declaring that the plaintiff, Essex Insurance Company, is obligated to defend and indemnify the appellants in the underlying action.

The defendant Brim Recyclers, Inc. (hereinafter Brim) is in the metal, recycling, and auto parts business. The defendant William Burnett is the president of Brim (hereinafter collectively the appellants). As part of its recycling business, Brim entered into a business relationship with the defendant Roy L. Pingley whereby Pingley would examine engines Brim had removed from junked autos, inspect them to identify salvageable parts, remove the parts, and sell them to third parties. Brim and Pingley agreed to split the proceeds from any sales on a 50/50 basis. Pingley, who was an independent contractor, worked out of Brim's premises, i.e., a salvage yard. Brim owned a front loader, which Pingley was permitted to use, provided he maintained it. Pingley otherwise used his own tools for the work. On June 6, 2003 Pingley was injured while he was repairing a flat tire on the front loader. Thereafter, Pingley commenced a personal injury action against Brim for damages he allegedly sustained.

At the time of the accident, the appellants were covered under a general commercial liability policy issued by the plaintiff, Essex Insurance Company (hereinafter Essex). Essex denied coverage, relying, inter alia, on the "Salvage Yard-Auto Yard Endorsement" (hereinafter the endorsement) contained in its policy, which provided that "coverage under this policy does not apply to 'bodily injury' . . . loss or damage arising out of or . . . [t]o any person removing parts from an auto, or any person allowed in the yard area unless accompanied by an employee for the purpose of looking at parts only." Essex brought this action, seeking a declaration that it was not obligated to defend and indemnify the appellants in the underlying personal injury action. Finding that coverage was precluded under the endorsement, the Supreme Court granted Essex's motion for summary judgment and denied the appellants' cross motion for summary judgment. We reverse.

An exclusion from coverage "must be specific and clear in order to be enforced" (*Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304, 311 [1984]), and an ambiguity in an exclusionary clause must be construed most strongly against the insurer (*see Ace Wire & Cable Co. v Aetna Cas. & Sur. Co.*, 60 NY2d 390, 398 [1983]; *Guachichulca v Laszlo N. Tauber & Assoc., LLC*, 37 AD3d 760 [2007]; *Bassuk Bros. v Utica First Ins. Co.*, 1 AD3d 470, 471 [2003]). The insurance company bears the burden of establishing that the exclusion applies in a particular case and it is subject to no other reasonable interpretation (*see Seaboard Sur. Co. v Gillette Co., supra*; *MDW Enters. v CNA Ins. Co.*, 4 AD3d 338, 340 [2004]). The test for ambiguity is whether the language of the insurance contract is "susceptible of two reasonable interpretations" (*State of New York v Home Indem. Co.*, 66 NY2d 669, 671 [1985]; *MDW Enters. v CNA Ins. Co., supra* at 340-341).

While a literal reading of the endorsement, supports Essex's contention that coverage is barred because Pingley is "any person" and the damages he allegedly sustained arose out of his removal of parts from an auto, the endorsement is subject to another reasonable interpretation. The endorsement can reasonably be interpreted as applicable only to customers or the general public who enter the yard to pull their own parts. This interpretation finds support in the binder, which preceded issuance of the policy, where the endorsement was referenced as the "No Pull Your Own Parts" exclusion. "No Pull Your Own Parts" makes sense only in the context of a customer pulling his own parts. Such a reading is further supported by a quotation given in connection with the policy which stated that it would be subject to a warranty that "no customers [be] allowed to remove parts themselves." Moreover, such a reading is in accordance with the exception "unless accompanied by an employee for the purpose of looking at parts only," as contained in the endorsement. A junk yard owner understandably would not want a customer entering the yard to pull parts given the dangers inherent in such conduct, but far fewer dangers would lie in permitting a customer to enter the yard just to look at parts, provided she or he was accompanied by an employee. Under a fair reading of the endorsement, the term "any person" is reasonably construed to mean a nonemployee or person not working in the yard as such persons presumably lack the requisite skill, knowledge, and/or training to pull parts safely.

Contrary to the Supreme Court's conclusion, limiting the endorsement to customers would not constitute an improper rewriting of the agreement because "courts may as a matter of in-

terpretation carry out the intention of a contract by transposing, rejecting, or supplying words to make the meaning of the contract more clear" (*Matter of Wallace v 600 Partners Co.*, 86 NY2d 543, 547 [1995]; *see Castellano v State of New York*, 43 NY2d 909, 911 [1978]; *Hickman v Saunders*, 228 AD2d 559, 560 [1996]; *Reape v New York News*, 122 AD2d 29, 30 [1986]). In construing the meaning of an agreement, courts must accord words their "fair and reasonable meaning," rather than their mere literal meaning (*Sutton v East Riv. Sav. Bank*, 55 NY2d 550, 555 [1982]; *see Brown Bros. Elec. Contrs. v Beam Constr. Corp.*, 41 NY2d 397, 400 [1977]). Since Pingley was not a customer or member of the general public, but rather a person authorized to work in the yard pursuant to an agreement with Brim, the endorsement is inapplicable. Furthermore, the endorsement is inapplicable because, at the time of the accident, Pingley was not directly engaged in removing parts from an engine. Rather, he was repairing a flat tire on the front loader.

Further, the additional provision relied upon by Essex to deny coverage, the "Employer's Liability Exclusion Amended," is inapplicable. The plain meaning of the exclusion was to relieve Essex of liability when Brim was sued for damages arising out of bodily injury to an employee sustained in the course of employment (*see Bassuk Bros. v Utica First Ins. Co., supra*). An amendment in the policy expanded the definition of "employee" to include "any member, associate, leased worker, temporary worker or any person or persons loaned to or volunteering services." In view of the rule of construction that exclusions are to be accorded a "strict and narrow construction" and may "not be extended by interpretation or implication" (*Seaboard Sur. Co. v Gillette Co., supra* at 311; *see MDW Enters. v CNA Ins. Co., supra*; *Gaetan v Firemen's Ins. Co. of Newark*, 264 AD2d 806, 808 [1999]), Pingley, who was self-employed and working as a joint venturer, cannot reasonably be considered an employee, since he was neither a "member, associate, leased worker, temporary worker or any person or persons loaned to or volunteering services."

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Orange County, for the entry of a judgment declaring that Essex is obligated to defend and indemnify the appellants in the underlying action (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *cert denied* 371 US 901 [1962]). Prudenti, P.J., Santucci, Covello and Carni, JJ., concur.