ASHLEY NOBLE, Plaintiff, v BRONXVILLE UNION FREE SCHOOL DISTRICT, Defendant and Third-Party Plaintiff-Respondent. ELIZABETH "LIBBY" GOODELL, Third-Party Defendant-Appellant. [845 NYS2d 403]—

In an action, inter alia, to recover damages for personal injuries, the third-party defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Bellantoni, J.), entered December 15, 2006, as denied her motion to dismiss the third-party complaint pursuant to CPLR 3211 (a) (7), and to impose costs against the defendant third-party plaintiff and for an award of an attorney's fee pursuant to CPLR 8303-a.

Ordered that the order is affirmed insofar as appealed from, with costs.

The infant plaintiff was injured when she was hit in the face by another student's hockey stick while playing in a field hockey scrimmage under the auspices of the defendant third-party plaintiff, Bronxville Union Free School District (hereinafter the School). In her complaint, the plaintiff alleged, inter alia, that

the School failed to properly supervise the scrimmage. The School commenced a third-party action against the student athlete (hereinafter the appellant) who struck the infant plaintiff. The appellant moved to dismiss the third-party complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7), and to impose costs against the School and for an award of an attorney's fee pursuant to CPLR 8303-a on the ground that the School commenced a frivolous third-party action. In the order appealed from, the Supreme Court, among other things, denied the appellant's motion. We affirm the order insofar as appealed from.

While it may come to light during discovery that the appellant does not bear any responsibility for the underlying incident because her conduct was neither reckless nor intentional, and that she did not create a danger above those inherent in the sport of field hockey (see Morgan v State of New York, 90 NY2d 471, 486 [1997]; Owen v R.J.S. Safety Equip., 79 NY2d 967, 970 [1992]; DeMasi v Rogers, 34 AD3d 720, 721 [2006]; Gahan v Mineola Union Free School Dist., 241 AD2d 439, 440 [1997]), the third-party complaint states a cognizable cause of action against the appellant for contribution or indemnification (see CPLR 1401; Raquet v Braun, 90 NY2d 177, 183 [1997]; Leon v Martinez, 84 NY2d 83, 87-88 [1994]; Morad v Morad, 27 AD3d 626, 626-627 [2006]). Accordingly, the Supreme Court properly denied the appellant's motion in its entirety (see CPLR 3211 [a] [7]; Roth v Goldman, 254 AD2d 405, 406 [1998]). Santucci, J.P., Lifson, Covello and McCarthy, JJ., concur.