JUNIUS DEVELOPMENT, INC., Appellant, v NEW YORK MARINE AND GENERAL INSURANCE Co., Defendant and Third-Party Plaintiff-Respondent. M. RONDON CONSTRUCTION CORP., Also Known as M. RONDON PLUMBING AND HEATING, Third-Party Defendant-Appellant. [852 NYS2d 185]—

In an action to recover damages for breach of an insurance contract and a third-party subrogation action, the plaintiff and the third-party defendant appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (F. Rivera, J.), dated July 17, 2007, as granted the motion of the defendant third-party plaintiff for summary judgment dismissing the complaint and denied that branch of their cross motion which was for summary judgment on the issue of liability.

Ordered that the appeal by the third-party defendant from so

much of the order as granted the motion of the defendant third-party plaintiff for summary judgment dismissing the complaint is dismissed, as it is not aggrieved by that portion of the order; and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof granting the motion of the defendant third-party plaintiff for summary judgment dismissing the complaint and substituting therefor a provision denying that motion; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff, Junius Development Co., Inc. (hereinafter Junius), allegedly sustained water damage to its insured building after a subcontractor emptied the contents of a rooftop water tank into a drainpipe. It is undisputed that a trap inside the pipe was clogged with construction debris. Thus, when the rooftop tank was emptied, the pressure created by the column of water above the obstruction caused the drainpipe to fail inside the premises, releasing quantities of water into the mezzanine, basement, and/or sub-basement areas of the building.

Junius submitted the claim to its carrier, the defendant New York Marine and General Insurance Co. (hereinafter NYMAGIC). After NYMAGIC denied coverage, Junius commenced this action, and NYMAGIC commenced a third-party subrogation action, against Junius' plumbing subcontractor, the third-party defendant M. Rondon Construction Corp., also known as M. Rondon Plumbing and Heating (hereinafter Rondon). NYMAGIC moved for summary judgment dismissing the complaint, and Junius and Rondon cross-moved, inter alia, for summary judgment on the issue of liability. Regarding NYMAGIC's motion for summary judgment dismissing the complaint, we note that the insurer relies primarily on a policy provision specifically excluding any "loss or damage caused directly or indirectly by . . . [w]ater that backs up or overflows from a . . . drain."

In order for a policy exclusion to be enforced, the language must be clear and unmistakable, and the carrier must establish that the exclusion applies in the particular case and is subject to no other reasonable interpretation (see *Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304, 311 [1984]; *Essex Ins. Co. v Pingley*, 41 AD3d 774, 776 [2007]). On this record, NYMAGIC has failed, prima facie, to satisfy that burden (see *Ayotte v Gervasio*, 81 NY2d 1062 [1993]). Indeed, to the ordinary business person, the loss in this case was most immediately and visibly occasioned by the separation of the drain pipe (*cf. Album Realty Corp. v Amer-*

*ican Home Assur. Co.,* 80 NY2d 1008, 1010-1011 [1992]), which resulted in water from the rooftop tank flowing directly into the basement area of the building. Under these circumstances, the above exclusion has no application (*see World Fire & Mar. Ins. Co. v Carolina Mills Distrib. Co.,* 169 F2d 826 [8th Cir 1948]; *Thompson v Genis Bldg. Corp.,* 182 Ind App 200, 394 NE2d 242 [1979]). Therefore, the Supreme Court erred in granting NYMAGIC's motion for summary judgment dismissing the complaint.

Nevertheless, Junius was not entitled to summary judgment on the issue of liability, as the record presents unresolved triable issues of fact regarding the applicability of another policy exclusion relied upon by NYMAGIC. Fisher, J.P., Lifson, Covello and McCarthy, JJ., concur.