◼ GIANNI BOVIS et al., Respondents, v CRAB MEADOW ENTERPRISES, LTD., et al., Defendants and Third-Party Plaintiffs-Respondents, et al., Defendants. PICONE ENERGY SYSTEMS et al., Third-Party Defendants-Appellants. [889 NYS2d 634]—

In an action to recover damages for personal injuries, etc., and a third-party action for indemnification and contribution from the third-party defendant Picone Energy Systems and for a judgment declaring that the third-party defendant Sirius America Ins. Co. is obligated to defend and indemnify the defendants third-party plaintiffs in the main action, (1) the third-party defendant Sirius America Ins. Co. appeals from so much of an order of the Supreme Court, Suffolk County (Spinner, J.), dated January 18, 2008, as denied its motion for summary judgment declaring that it is not obligated to defend and

indemnify the defendants third-party plaintiffs Crab Meadow Enterprises, Ltd., D. Kummer Construction Co., and Kummer Construction Co. in the main action, and the third-party defendant Picone Energy Systems separately appeals, as limited by its brief, from so much of the same order as denied its cross motion for summary judgment dismissing the third-party complaint insofar as asserted against it, and (2) the third-party defendant Sirius America Ins. Co. appeals from so much of an order of the same court dated July 21, 2008, as, upon reargument, adhered to the original determination denying its motion for summary judgment, and the defendant Picone Energy Systems separately appeals, as limited by its brief, from so much of the same order as, upon reargument, adhered to the original determination denying its cross motion for summary judgment.

Ordered that the appeals from the order dated January 18, 2008 are dismissed, without costs or disbursements, as that order was superseded by the order dated July 21, 2008, made upon reargument; and it is further,

Ordered that the order dated July 21, 2008 is affirmed insofar as appealed from, without costs or disbursements.

On October 22, 2002 the plaintiff Gianni Bovis (hereinafter the injured plaintiff), an employee of the third-party defendant Picone Energy Systems (hereinafter Picone), allegedly was injured when he fell from a scaffold while working for Picone. Picone was a subcontractor of the defendants third-party plaintiffs Crab Meadow Enterprises Ltd., D. Kummer Construction Co., and Kummer Construction Co. (hereinafter collectively the Crab Meadow defendants). The Crab Meadow defendants' insurer was the third-party defendant Sirius America Insurance Co. (hereinafter Sirius). The injured plaintiff and his wife, suing derivatively, commenced an action against, among others, the Crab Meadow defendants, alleging common-law negligence and violations of Labor Law §§ 200, 240 (1) and § 241 (6). The Crab Meadow defendants commenced a third-party action seeking indemnification and contribution from Picone, and a judgment declaring that Sirius was obligated to defend and indemnify them in the main action.

The Supreme Court properly denied Picone's cross motion for summary judgment dismissing the third-party complaint insofar as asserted against it. "Workers' Compensation Law § 11 bars a third-party action for contribution or indemnification against an employer when its employee is injured in a work-related accident unless the employee has sustained a 'grave injury' or the claim for contribution or indemnification is 'based upon a provision in a written contract entered into prior to the accident or

occurrence by which the employer had expressly agreed to contribution to or indemnification of the claimant or person asserting the cause of action for the type of loss suffered' " (*Fischer v Waldbaum's, Inc.*, 7 AD3d 756, 756 [2004], quoting Workers' Compensation Law § 11; *see Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577, 585 [1998]; *Guijarro v V.R.H. Constr. Corp.*, 290 AD2d 485, 486 [2002]; *Potter v M.A. Bongiovanni, Inc.*, 271 AD2d 918, 919 [2000]). Here, the third-party defendant Picone failed to establish, prima facie, its entitlement to judgment as a matter of law. Specifically, Picone failed to establish that it did not enter into an indemnification agreement with the Crab Meadow defendants in 2002 prior to the injured plaintiff's accident.

Further, the court properly denied Sirius's motion for summary judgment declaring that it is not obligated to defend and indemnify the Crab Meadow defendants in the main action. An insurer's obligation to defend is broader than its obligation to indemnify, and arises whenever the allegations in a complaint against the insured fall within the scope of the risk undertaken by the insurer (*see Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304, 310 [1984]). "To be relieved of its duty to defend on the basis of a policy exclusion, the insurer bears the heavy burden of demonstrating that the allegations of the complaint cast the pleadings wholly within that exclusion, that the exclusion is subject to no other reasonable interpretation, and that there is no possible factual or legal basis upon which the insurer may eventually be held obligated to indemnify the insured under any policy provision" (*Frontier Insulation Contrs. v Merchants Mut. Ins. Co.*, 91 NY2d 169, 175 [1997]; *see Fortress Ins. Co. v Kollander*, 41 AD3d 423, 424 [2007]). Here, Sirius, the insurer of the Crab Meadow defendants, failed to establish, prima facie, its entitlement to judgment as a matter of law. Sirius failed to submit any evidence establishing that there was no possible basis upon which it may be obligated to indemnify the Crab Meadow defendants since there was no evidence that Picone and the Crab Meadow defendants did not enter into an indemnification agreement in 2002. Accordingly, Picone's and Sirius's failure to make a prima facie showing of entitlement to judgment as a matter of law required a denial of their respective motions regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]) and, thus, upon reargument, the Supreme Court correctly adhered to its determinations denying their motions. Skelos, J.P., Covello, Santucci and Balkin, JJ., concur.