■ ESSEX INSURANCE COMPANY, Respondent, v MICHAEL CUNNINGHAM CARPENTRY et al., Defendants, and ANDREASSEN & BULGIN CONSTRUCTION, INC., Appellant. [904 NYS2d 78]—

In an action for a judgment declaring that the plaintiff is not obligated to defend or indemnify the defendant Michael Cunningham Carpentry or the defendant Andreassen & Bulgin Construction, Inc., in certain underlying personal injury actions brought by the defendants Marcelo Espana and Carmita Alvarez, the defendant Andreassen & Bulgin Construction, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Kerins, J.), dated December 9, 2008, as granted that branch of the plaintiff's motion which was for summary judgment declaring that it was not obligated to defend or indemnify the defendant Andreassen & Bulgin Construction, Inc.

Ordered that the order is affirmed insofar as appealed from, with costs.

In support of its motion for summary judgment, the plaintiff submitted evidence establishing that the defendant Andreassen & Bulgin Construction, Inc. (hereinafter Andreassen), was not named as an insured or additional insured party on the commercial general liability insurance policy (hereinafter the subject policy), the plaintiff issued to the defendant Michael Cunningham Carpentry (hereinafter Cunningham) and, thus, was not entitled to coverage thereunder (*see American Cleaners, Inc. v American Intl. Specialty Lines Ins. Co.*, 68 AD3d 792 [2009]; *Sixty Sutton Corp. v Illinois Union Ins. Co.*, 34 AD3d 386, 388-389 [2006]; *Moleon v Kreisler Borg Florman Gen. Constr. Co.*, 304 AD2d 337, 339 [2003]). The plaintiff also established that the third-party claims brought by Andreassen against Cunningham were not within the scope of the subject policy, as the employee exclusion provision in the subject policy "precluded coverage for the injuries allegedly sustained by the defendant [Marcelo Espana]" (*Utica First Ins. Co. v Santagata*, 66 AD3d 876, 879 [2009]; *see Sixty Sutton Corp. v Illinois Union Ins. Co.*, 34 AD3d at 388-389). Thus, the plaintiff was not obligated to defend Cunningham against the claims (*see Fortress Ins. Co. v Kollander*, 41 AD3d 423 [2007]; *cf. Town of Massena v Healthcare Underwriters Mut. Ins. Co.*, 98 NY2d 435, 443 [2002]; *Bovis v Crab Meadow Enters., Ltd.*, 67 AD3d 846, 848 [2009]; *Labate v*

*Liberty Mut. Fire Ins. Co.*, 19 AD3d 652, 653 [2005]). In opposition, Andreassen failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Andreassen's contention that the motion for summary judgment was premature is without merit. It failed to offer any evidentiary basis to suggest that discovery may lead to relevant evidence. The hope and speculation that evidence sufficient to defeat the motion might be uncovered during discovery was an insufficient basis to deny the motion (*see Peerless Ins. Co. v Micro Fibertek, Inc.*, 67 AD3d 978, 979 [2009]; *Tedesco v Tedesco*, 64 AD3d 583, 584 [2009]; *Conte v Frelen Assoc., LLC*, 51 AD3d 620, 621 [2008]).

In light of our determination, we need not address Andreassen's remaining contention. Rivera, J.P., Florio, Angiolillo and Lott, JJ., concur.