GREAT AMERICAN RESTORATION SERVICES, INC., Respondent, v SCOTTSDALE INSURANCE COMPANY, Appellant. [911 NYS2d 142]—

In an action, inter alia, for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiff in an underlying action entitled *Church Mut. Ins. Co., as subrogee of East Nassau Hebrew Congregation v Great Am. Restoration Servs., Inc.,* pending in the Supreme Court, Nassau County, under index No. 9921/08, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Mahon, J.), entered October 6, 2009, as denied its motion for summary judgment without prejudice.

Ordered that the order is affirmed insofar as appealed from, with costs, and, upon searching the record, that branch of the plaintiff's cross motion which was for summary judgment declaring that the defendant is obligated to defend the plaintiff in the underlying action in accordance with the terms of the subject commercial general liability insurance policy is granted, so much of the order as denied that branch of the cross motion is vacated, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that the defendant is obligated to defend the plaintiff in the underlying action.

In January 2005, the plaintiff, Great American Restoration Services, Inc. (hereinafter Great American), was retained to perform "emergency water damage service" at a facility owned by East Nassau Hebrew Congregation (hereinafter East Nassau). In January 2008, Church Mutual Insurance Company, as subrogee of East Nassau, commenced an action against Great American (hereinafter the underlying action), alleging that it was injured as a result of certain property damage caused by Great American during the performance of the contract. The complaint against Great American alleged that Great American held itself out as "possessing staff" trained in water damage cleaning and asbestos removal and that Great American, during its work, caused asbestos to be "dispersed throughout the building and premises." Great American denied ever holding itself out as a company that performs asbestos removal or disposal and contends that it immediately ceased all work at the facility when it was informed that asbestos had been found in the past.

Great American, which was insured under a commercial general liability policy issued by the defendant, Scottsdale Insur-

ance Company (hereinafter Scottsdale), submitted the lawsuit to Scottsdale, seeking defense and indemnification. Scottsdale disclaimed coverage based upon the asbestos exclusion clause in the policy or based on the policy's pollution exclusion clause.

The asbestos exclusion provides that coverage does not apply to "bodily injury" or "property damage" arising out of the "inhal[ation]" or "prolonged physical exposure to" asbestos, the "use" of asbestos in construction, the "removal" of asbestos from products or structures, or the "manufacture, sale, transportation, storage, or disposal" of asbestos or products containing asbestos. The pollution exclusion states that coverage does not apply to " '[b]odily injury' or 'property damage' arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of 'pollutants.' " "Pollutants" are defined as "any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste."

Scottsdale moved for summary judgment in the declaratory judgment action and Great American cross-moved for summary judgment. The Supreme Court denied the motion and the cross motion without prejudice, concluding that triable issues of fact existed, including whether Great American had knowledge of the presence of asbestos and what acts were undertaken by Great American.

Initially, contrary to Great American's contention, Scottsdale's disclaimer was indeed timely. Scottsdale was required to notify Great American of its intent to disclaim as soon as reasonably possible, but only after it had "sufficient knowledge of facts entitling it to disclaim" (*First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d 64, 66 [2003]; *see Matter of New York Cent. Mut. Fire Ins. Co. v Steiert*, 68 AD3d 1120 [2009]). Even had Great American properly mailed Scottsdale a letter dated February 18, 2005, notifying Scottsdale of the occurrence, that letter made no reference to asbestos, provided no details as to how, when, or where the occurrence took place, and did not include the nature of the damages or the names of any witnesses, as required by the terms of the policy. Scottsdale first acquired knowledge of the facts entitling it to disclaim upon receiving the complaint and notice of loss in February 2008. Thereafter, it provided prompt notice of its intention to disclaim.

Despite the timeliness of Scottsdale's disclaimer, the Supreme Court properly denied Scottsdale's motion for summary judgment, as neither of the particular exclusory provisions relied upon by Scottsdale negates its duty to defend under the facts in this case. Indeed, upon searching the record, we grant that

branch of Great American's cross motion which was for summary judgment declaring that Scottsdale is obligated to defend it in the underlying action.

In general, it is the insured's burden to establish coverage and the insurer's burden to prove the applicability of an exclusion (*see Consolidated Edison Co. of N.Y. v Allstate Ins. Co.*, 98 NY2d 208, 218 [2002]; *Rhodes v Liberty Mut. Ins. Co.*, 67 AD3d 881, 882 [2009]). An insurer's duty to defend, which is broader than its duty to indemnify, arises whenever the allegations in a complaint against the insured fall within the scope of the risk undertaken by the insured, regardless of how false or groundless those allegations might be (*see Town of Massena v Healthcare Underwriters Mut. Ins. Co.*, 98 NY2d 435, 443 [2002]; *Fitzpatrick v American Honda Motor Co.*, 78 NY2d 61, 65 [1991]; *Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304, 310 [1984]; *Rhodes v Liberty Mut. Ins. Co.*, 67 AD3d at 882; *Bovis v Crab Meadow Enters., Ltd.*, 67 AD3d 846 [2009]). To be relieved of its duty to defend on the basis of a policy exclusion, "an insurer must establish that the exclusion is stated in clear and unmistakable language, is subject to no other reasonable interpretation, and applies in the particular case" (*Belt Painting Corp. v TIG Ins. Co.*, 100 NY2d 377, 383 [2003] [internal quotation marks omitted]; *see MIC Prop. & Cas. Corp. v Avila*, 65 AD3d 1303, 1305 [2009]; *Junius Dev., Inc. v New York Mar. & Gen. Ins. Co.*, 48 AD3d 426, 427 [2008]). An exclusion from coverage must be " 'specific and clear' " (*Essex Ins. Co. v Pingley*, 41 AD3d 774, 776 [2007], quoting *Seaboard Sur. Co. v Gillette Co.*, 64 NY2d at 311; *see Lee v State Farm Fire & Cas. Co.*, 32 AD3d 902, 903-904 [2006]) and any ambiguity must be construed most strongly against the insurer (*see Belt Painting Corp. v TIG Ins. Co.*, 100 NY2d at 383; *Ace Wire & Cable Co. v Aetna Cas. & Sur. Co.*, 60 NY2d 390, 398 [1983]; *Breed v Insurance Co. of N. Am.*, 46 NY2d 351, 353 [1978]; *Nick's Brick Oven Pizza, Inc. v Excelsior Ins. Co.*, 61 AD3d 655 [2009]). The test for ambiguity is whether the language is "susceptible of two reasonable interpretations," and the focus of the test is on the "reasonable expectations of the average insured" (*MIC Prop. & Cas. Corp. v Avila*, 65 AD3d at 1305 [internal quotation marks omitted]).

Here, Great American established, as a matter of law, that it is entitled to coverage under the subject commercial general liability policy. In contrast, Scottsdale failed to establish that "there is no possible factual or legal basis on which it might eventually be obligated to indemnify its insured" (*Allstate Ins. Co. v Zuk*, 78 NY2d 41, 45 [1991]; *see Frontier Insulation Contrs.*

*v Merchants Mut. Ins. Co.*, 91 NY2d 169, 175 [1997]; *Technicon Elecs. Corp. v American Home Assur. Co.*, 74 NY2d 66, 74 [1989]; *Seaboard Sur. Co. v Gillette Co.*, 64 NY2d at 311-312; *Rhodes v Liberty Mut. Ins. Co.*, 67 AD3d at 883; *Junius Dev., Inc. v New York Mar. & Gen. Ins. Co.*, 48 AD3d at 427; *Fortress Ins. Co. v Kollander*, 41 AD3d 423, 424 [2007]).

Although the asbestos exclusion clause states that no coverage is provided for property damage arising out of the "removal," "disposal," or "use" of asbestos, the subject clause includes no terms indicating that coverage will not be provided for damages arising out of the unknowing or accidental release or dispersal of asbestos. On this point, the language is susceptible to two reasonable interpretations, and this ambiguity must be construed strongly against Scottsdale (*see Belt Painting Corp. v TIG Ins. Co.*, 100 NY2d at 383).

Likewise, Scottsdale's interpretation of the pollution exclusion presents an ambiguity which must be resolved against it (*see Village Mall at Hillcrest Condominium v Merrimack Mut. Fire Ins. Co.*, 309 AD2d 857, 858 [2003]). Although asbestos may be a thermal irritant (*see Belt Painting Corp. v TIG Ins. Co.*, 100 NY2d at 384; *Village Mall at Hillcrest Condominium v Merrimack Mut. Fire Ins. Co.*, 309 AD2d at 858), the term "asbestos" is not specifically included within the definition of a "pollutant" as defined under the terms of the policy. Moreover, Scottsdale's position that damages from asbestos are excluded under the pollution exclusion would render the specific asbestos exclusion meaningless, in violation of settled canons of construction (*see Westview Assoc. v Guaranty Natl. Ins. Co.*, 95 NY2d 334, 340 [2000]; *Bretton v Mutual of Omaha Ins. Co.*, 110 AD2d 46 [1985], *affd* 66 NY2d 1020 [1985]).

Accordingly, upon searching the record (*see* CPLR 3212 [b]), we grant that branch of Great American's cross motion which was for summary judgment declaring that Scottsdale is obligated to defend it in the underlying action.

Since the complaint sets forth a cause of action for declaratory relief, we remit the matter to the Supreme Court, Nassau County, for the entry of a judgment declaring that Scottsdale is obligated to defend Great American in the underlying action pursuant to the subject commercial general liability insurance policy (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Rivera, J.P., Angiolillo, Chambers and Austin, JJ., concur.