WILLIAM MAXWELL et al., Plaintiffs, v ROCKLAND COUNTY COMMUNITY COLLEGE et al., Defendants, and ROK-BUILT CONSTRUCTION, INC., Defendant Third-Party Plaintiff-Respondent. LITE BRITE SIGNS, INC., Third-Party Defendant-Appellant. [911 NYS2d 130]—

In an action to recover damages for personal injuries, the third-party defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Rockland County

(Weiner, J.), dated November 2, 2009, as denied its cross motion for summary judgment dismissing the third-party complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the third-party defendant's cross motion for summary judgment dismissing the third-party complaint is granted.

The plaintiff commenced this action against Rok-Built Construction, Inc. (hereinafter Rok-Built), among others, to recover damages for injuries he allegedly sustained when he fell while working on a raised aerial boom lift. Rok-Built commenced a third-party action against the plaintiff's employer, Lite Brite Signs, Inc. (hereinafter Lite Brite), inter alia, for common-law and contractual indemnification and contribution. The Supreme Court denied Lite Brite's cross motion for summary judgment dismissing the third-party complaint. This appeal ensued.

Contrary to the Supreme Court's determination, Lite Brite made a prima facie showing of entitlement to judgment as a matter of law dismissing the causes of action in the third-party complaint which sought common-law indemnification and contribution (see Zuckerman v City of New York, 49 NY2d 557, 560 [1980]). "[A]n employer's liability for an employee's on-the-job injury is ordinarily limited to workers' compensation benefits" (Fleming v Graham, 10 NY3d 296, 299 [2008]; see Rubeis v Aqua Club, Inc., 3 NY3d 408, 412 [2004]). However, when an employee sustains a "grave injury," as enumerated in Workers' Compensation Law § 11, "a primary defendant may commence a third-party action against the injured plaintiff's employer for common-law indemnification and/or contribution" (Fleming v Graham, 10 NY3d at 299). In support of its motion, Lite Brite submitted, inter alia, the plaintiff's deposition testimony and bill of particulars, which established that the plaintiff did not sustain a "grave injury" (see Spiegler v Gerken Bldg. Corp., 35 AD3d 715 [2006]; Angwin v SRF Partnership, 285 AD2d 568 [2001]). In response, Rok-Built failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 560 [1980]). Accordingly, the Supreme Court should have granted those branches of Lite Brite's cross motion which were for summary judgment dismissing the causes of action in the third-party complaint which were for common-law indemnification and contribution.

Additionally, the Supreme Court erred in denying those branches of Lite Brite's motion which were for summary judgment dismissing the contractual causes of action in the third-party complaint. Workers' Compensation Law § 11 bars a third-party action for contribution or indemnification against an

employer whose employee is injured in a work-related accident, except for a claim based upon the existence of "a provision in a written contract entered into prior to the accident or occurrence by which the employer had expressly agreed to contribution to or indemnification of the claimant or person asserting the cause of action for the type of loss suffered" (Workers' Compensation Law § 11; *see Baginski v Queen Grand Realty, LLC*, 68 AD3d 905 [2009]; *see also Rodrigues v N & S Bldg. Contrs., Inc.*, 5 NY3d 427, 431-432 [2005]). Workers' Compensation Law § 11 "explicitly and unequivocally requires that any contract for indemnification be written and entered into prior to the accident or occurrence" (*Ferri v 63 Madison Assoc.*, 280 AD2d 419, 420 [2001]; *see Guijarro v V.R.H. Constr. Corp.*, 290 AD2d 485 [2002]). Here, Lite Brite met its prima facie burden on its motion for summary judgment by submitting admissible evidence establishing that it had not entered into a written contract prior to the accident (*see Zuckerman v City of New York*, 49 NY2d 557, 560 [1980]). In opposition, Rok-Built did not dispute that the proposed written contract containing the indemnification clause which it seeks to enforce was not signed by Lite Brite prior to the accident. Instead, it relies upon the case of *Stabile v Viener* (291 AD2d 395, 395-396 [2002]), in which this Court held that a construction contract containing an indemnification clause was enforceable even though the contract was executed after the accident because the parties intended that it apply "as of" a date prior to the injury. Although Lite Brite's vice-president signed the proposed contract after the plaintiff's injury, before doing so she crossed out several provisions, including the indemnification clause. Thus, unlike the facts of *Stabile v Viener*, there is no evidence that Lite Brite agreed to be bound by the indemnification clause as of a date prior to the plaintiff's injury. Under these circumstances, Rok Built has failed to raise a triable issue of fact, and the Supreme Court should have awarded summary judgment to Lite Bright dismissing Rok-Built's contractual causes of action (*see Zuckerman v City of New York*, 49 NY2d 557, 560 [1980]).

The parties' remaining contentions are without merit. Dillon, J.P., Florio, Roman and Sgroi, JJ., concur.