■ DHARMINDER SOODOO, Respondent, v LC, LLC, et al., Appellants, and ATLANTIC CONTRACTING OF NEW YORK, INC., Respondent. [985 NYS2d 258]—

In an action to recover damages for personal injuries, the defendants LC, LLC, and Limrink Realty Corp. appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Vaughan, J.), dated January 30, 2013, as granted that branch of the motion of the defendant Atlantic Contracting of New York, Inc., which was pursuant to CPLR 3211 (a) (7) to dismiss the cross claims asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion of the defendant Atlantic Contracting of New York, Inc., which was pursuant to CPLR 3211 (a) (7) to dismiss the cross claims asserted against it is denied, and the cross claims are converted into third-party causes of action.

The plaintiff commenced this action against the defendants LC, LLC, and Limrink Realty Corp. (hereinafter together the appellants) and the defendant Atlantic Contracting of New York, Inc. (hereinafter Atlantic), to recover damages for personal injuries allegedly sustained while he was employed at a construction site. The appellants asserted cross claims against Atlantic for contribution, indemnification, and breach of contract.

Atlantic moved, inter alia, pursuant to CPLR 3211 (a) (7) to dismiss the appellants' cross claims on the ground that they failed to state causes of action. The Supreme Court, among other things, granted that branch of Atlantic's motion.

On a motion to dismiss a pleading pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the nonmoving party the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87 [1994]; *Breytman v Olinville Realty, LLC*, 54 AD3d 703, 703-704 [2008]). "Whether the [pleading] will later survive a motion for summary judgment, or whether

the [non-moving party] will ultimately be able to prove its claims, of course, plays no part in the determination of a prediscovery CPLR 3211 motion to dismiss" (*Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 38 AD3d 34, 38 [2006]; *see EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]).

Here, affording the pleading a liberal construction and according the appellants the benefit of every favorable inference, the first cross claim states a cognizable cause of action against Atlantic for contribution and indemnification (*see Cueto v Hamilton Plaza Co., Inc.*, 67 AD3d 722, 723 [2009]; *Wilt v Brunswick Plaza*, 281 AD2d 840, 841 [2001]; *see also* Workers' Compensation Law § 11; *Bovis v Crab Meadow Enters., Ltd.*, 67 AD3d 846, 847-848 [2009]; *405 Bedford Ave. Dev. Corp. v New Metro Constr., Ltd.*, 26 AD3d 408, 409 [2006]; *Fischer v Waldbaum's, Inc.*, 7 AD3d 756, 756 [2004]; *Potter v M.A. Bongiovanni, Inc.*, 271 AD2d 918, 919 [2000]; *see generally Guayara v Harry I. Katz, P.C.*, 83 AD3d 661, 663 [2011]; *Noble v Bronxville Union Free School Dist.*, 45 AD3d 548, 549 [2007]). Furthermore, the second cross claim states a cognizable cause of action against Atlantic for breach of contract to procure insurance (*see Kinney v Lisk Co.*, 76 NY2d 215, 219 [1990]; *Roldan v New York Univ.*, 81 AD3d 625, 628 [2011]). Accordingly, the Supreme Court should have denied that branch of Atlantic's motion which was to dismiss the appellants' cross claims.

As the appellants correctly contend, although there is no longer a direct action pending against Atlantic, the appellants' cross claims may be maintained in a third-party action under the circumstances of this case (*see Baten v Northfork Bancorporation, Inc.*, 85 AD3d 697, 698-699 [2011]; *Nelson v Chelsea GCA Realty, Inc.*, 18 AD3d 838, 839 [2005]). Accordingly, we convert the appellants' cross claims into third-party causes of action. Balkin, J.P., Dickerson, Roman and Miller, JJ., concur.