SSP Springs, LLC v First Speciality Ins. Corp. (2023 NY Slip Op 00834)

SSP Springs, LLC v First Speciality Ins. Corp.

2023 NY Slip Op 00834

Decided on February 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 14, 2023

Before: Acosta, P.J., Webber, Friedman, Kennedy, Higgitt, JJ. 

Index No. 652453/20 Appeal No. 17331 Case No. 2021-04060 

[*1]SSP Springs, LLC et al., Plaintiffs-Appellants-Respondents,
v
First Speciality Insurance Corporation, Defendant-Respondent-Appellant.

Kim, Cho & Lim, LLC, Flushing (Power J. Chen of counsel), for appellants-respondents.
Zelle LLP, New York (Alexander W. Cogbill and Todd Tippett of the bar of the State of Texas, admitted pro hac vice, of counsel), for respondent-appellant.

Order, Supreme Court, New York County (Margaret Chan, J), entered October 4, 2021, which granted in part defendant's motion to dismiss pursuant to CPLR 3211(a)(1) and (a)(7), unanimously affirmed, without costs.
"A court may neither make nor vary an insurance contract by extending coverage beyond the fair intent and meaning of the agreement, and the liability of the insurer cannot be enlarged by implication beyond the express terms of the contract" (Moshiko, Inc. v Seiger & Smith, 137 AD2d 170, 175 [1st Dept 1988]). However, all ambiguities must be resolved against the insurer, the drafter of the language (Raner v Security Mut. Ins. Co., 102 AD3d 485, 486 [1st Dept 2013]). Here, the policy excludes faulty workmanship, repair, construction, renovation, and remodeling from coverage. There is, however, also a carve-out providing for coverage where such faulty work "results in a Covered Cause of Loss." "Covered Causes of Loss" is defined in the policy as "direct physical loss unless the loss is excluded or limited in this policy." Thus, the meaning of the carve-out as it relates to the rule is ambiguous and, at the very least, plaintiffs have pleaded their complaint sufficiently to survive a motion to dismiss (see Village Mall at Hillcrest Condominium v Merrimack Mut. Fire Ins. Co., 309 AD2d 857, 857-858 [2d Dept 2003]). Hence, it is premature to dismiss the complaint based upon the "pollutant" exclusion.
The court also properly dismissed plaintiffs' bad faith claim as duplicative of their breach of contract claim, as plaintiffs may seek the same damages through their breach of contract claim, including consequential damages, if they can prove that they were foreseeable (Bi-Economy Mkt., Inc. v Harleysville Ins. Co. of N Y., 10 NY3d 187, 196 [2008]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 14, 2023