Big Moose Operations, LLC v United Frontier Mut. Ins. Co. (2026 NY Slip Op 01644)

Big Moose Operations, LLC v United Frontier Mut. Ins. Co.

2026 NY Slip Op 01644

Decided on March 20, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: MONTOUR, J.P., SMITH, GREENWOOD, NOWAK, AND HANNAH, JJ.

53 CA 25-01162

[*1]BIG MOOSE OPERATIONS, LLC, DOING BUSINESS AS THE BIG MOOSE INN, AND BMI ENTERPRISES, LLC, PLAINTIFFS-APPELLANTS-RESPONDENTS,
vUNITED FRONTIER MUTUAL INSURANCE COMPANY, DEFENDANT-RESPONDENT-APPELLANT. 

LONGSTREET & BERRY, LLP, FAYETTEVILLE (MICHAEL J. LONGSTREET OF COUNSEL), FOR PLAINTIFFS-APPELLANTS-RESPONDENTS.
RUPP PFALZGRAF LLC, BUFFALO (AUSTIN R. HENDRICKS OF COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT. 

 Appeal and cross-appeal from an order of the Supreme Court, Herkimer County (Mark R. Rose, J.), entered June 26, 2025. The order, among other things, denied in part the motion of plaintiffs for summary judgment and denied in part the cross-motion of defendant for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting that part of the motion seeking summary judgment on plaintiffs' claim for coverage under the Ordinance and Law provision of the policy, and as modified the order is affirmed without costs.
Memorandum: Plaintiffs maintained an insurance policy with defendant. Following a fire at the insured premises, defendant paid certain amounts under the policy but denied plaintiffs' claims for increased coverage under the policy's Building Inflation Protection provision, for coverage under the Ordinance and Law provision, and for the loss of property under the Refrigerated Foods provision. Plaintiffs commenced this action for breach of contract and thereafter moved for summary judgment on the complaint. Defendant cross-moved for summary judgment dismissing the complaint. Supreme Court granted that part of the motion with respect to the Building Inflation Protection provision and that part of the cross-motion with respect to the Refrigerated Foods provision. The court otherwise denied the motion and cross-motion, concluding with respect to plaintiffs' claim for coverage under the Ordinance and Law provision that plaintiffs established that they incurred costs for, inter alia, demolition and debris removal pursuant to state and local law but that there were questions of fact whether the pollution exclusion applied based on the presence of asbestos in the debris. Plaintiffs appeal, and defendant cross-appeals.
Plaintiffs contend on their appeal that the court erred in denying that part of the motion with respect to their claim for coverage under the Ordinance and Law provision of the policy on the ground that there was a question of fact whether asbestos constituted a pollutant within the meaning of the provision's pollution exclusion. We agree. In the context of an insurance coverage dispute, "[w]henever an insurer wishes to exclude certain coverage from its policy obligations, it must do so in clear and unmistakable language. Any such exclusions or exceptions from policy coverage must be specific and clear in order to be enforced" (Pioneer Tower Owners Assn. v State Farm Fire & Cas. Co., 12 NY3d 302, 307 [2009]). If there "is a reasonable basis for a difference of opinion as to the meaning of the policy . . . the language at issue would be deemed to be ambiguous and thus interpreted in favor of the insured" (Selective [*2]Ins. Co. of Am. v County of Rensselaer, 26 NY3d 649, 655-656 [2016]).
Here, plaintiffs established that, pursuant to the terms of the Ordinance and Law provision of the policy, they sustained a "covered loss in accordance with any ordinance or law which governs repair, restoration or demolition of the building(s)" (see generally Ewald v Erie Ins. Co. of New York, 214 AD3d 1382, 1385 [4th Dept 2023]). Specifically, plaintiffs' submissions demonstrated that, following the fire, the town code enforcement officer explicitly directed plaintiffs to demolish the building and remove debris consistent with state and town codes, and plaintiffs did so.
In opposition, defendant failed to establish that plaintiffs' claim was subject to the Ordinance and Law provision's pollution exclusion (see generally Belt Painting Corp. v TIG Ins. Co., 100 NY2d 377, 384 [2003]), which excludes from coverage costs incurred in "monitoring, testing for, cleaning up, removing, containing, treating, detoxifying, neutralizing or otherwise responding to or assessing the effects of pollutants." The policy defines a pollutant as "any solid, liquid, gaseous, thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals, and waste." The term "asbestos," however, is not specifically included in the policy's definition of a pollutant (see Great Am. Restoration Servs., Inc. v Scottsdale Ins. Co., 78 AD3d 773, 777 [2d Dept 2010]). Defendant's assertion that damages from asbestos are excluded under the pollution exclusion would render the policy's specific asbestos exclusion meaningless, in violation of settled canons of construction (see id.). Inasmuch as the pollution exclusion is ambiguous with respect to asbestos, the exclusion must be interpreted in favor of the insured (see Selective Ins. Co. of Am., 26 NY3d at 656). The court thus erred in denying that part of the motion with respect to the claim for coverage under the Ordinance and Law provision, and we therefore modify the order accordingly. In light of our determination, we reject defendant's contention on its cross-appeal that the court erred in denying that part of its cross-motion with respect to plaintiffs' claim for coverage under that provision.
We have reviewed the remaining contentions on the appeal and cross-appeal and conclude that none warrants further modification or reversal of the order.
Entered: March 20, 2026
Ann Dillon Flynn
Clerk of the Court